CITY OF HARLAN, IOWA, Appellant, v. N. G. KRASCHEL, Appellee.

Municipal corporations: REGULATION OF MOTOR VEHICLES: USE OF LIGHTS. A city ordinance substantially in accord with the statute, requiring that all motor vehicles operated or driven after dark shall display two lighted lamps in front and one in the rear, is not violated by temporarily leaving an automobile standing unoccupied at the side of a street after dark without such lights.

*Appeal from Shelby District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, APRIL 8, 1914.

THIS action was begun in the mayor's court by information against the defendant for violation of a city ordinance regulating the use of motor vehicles upon the streets. From a judgment of conviction, the defendant appealed to the district court. The district court dismissed the information, and the plaintiff city has appealed.—*Affirmed.*

*Smith & Gunderson,* for appellant.

*Shelby Cullison,* for appellee.

EVANS, J.—The offense charged against the defendant in the information was the violation of section 6 of a certain ordinance of the city regulating the use of motor vehicles. Such section was as follows:

Section 6: Every motor vehicle *operated or driven* upon the streets or public highways of the city, shall be provided with adequate brakes, in good working order, and sufficient to control such motor vehicle at all times when the same is in use, and a suitable and adequate bell, horn or other device for signaling, and shall during the period from one-half hour after sunset to one-half before sunrise, display two lighted lamps on the front and one on the rear of such motor vehicle, which rear lamp shall also display a red light visible from the rear (provided that each motor cycle and motor bicycle shall be required to display but one lighted lamp on the front of such motor cycle or motor bicycle) the rays of such rear lamp shall shine upon the number plate carried upon the rear of such vehicle in such a manner as to render the numerals thereon visible for at least fifty feet *in the direction from which the motor vehicle is proceeding.* The light or lights of the front lamps shall be visible at least five hundred feet *in the direction in which the motor vehicle is proceeding.*

The foregoing section is a substantial copy of section 18 of chapter 72, Acts 34th General Assembly.

The case was tried in the district court by agreement upon the information and a stipulation of facts; the defendant, by consent, interposing a demurrer to the information as aided by the stipulation of facts. Such stipulation of facts was as follows:

That at the time alleged in the information said automobile was left standing on the public streets of the city of Harlan without lights, either front or rear, and more than one-half hour after sunset; that said car was headed in towards the curb of said street, so that the rear thereof extended out into the street, and said automobile was not parallel with the curb, but at an angle of about seventy-five degrees therewith; that the engine on said automobile was not running; that there were no occupants in said car; that said automobile had been standing as aforesaid for a period of from five to fifteen minutes before the arrest of the defendant herein; that during such time the defendant was not in said automobile, but had left the same immediately upon stopping it in the position aforesaid; that immediately preceding the stoppage of the car in the position aforesaid the defendant had been therein, and had been moving the same about the streets of Harlan by its own motive power, and later continued moving it about by its own motive power. It is not claimed that said automobile was moving without lights.

The defense urged is twofold: (1) That the facts as set forth in the information and in the stipulation do not show a violation of the terms of the city ordinance or of section 18, chapter 72, Acts 34th General Assembly; (2) that the ordinance in question is void as being an attempt by the city to regulate the use of motor vehicles in violation of the prohibition of section 21 of such chapter 72, Acts 34th General Assembly, such section 21 being as follows:

Except as herein otherwise provided, local authorities shall have no power to pass, enforce, or maintain any ordi-

nance, rule or regulation requiring from any owner to whom this act is applicable any fee license or permit for the use of the public highways, or excluding any such owner from the free use of such public highways, excepting such driveways, speedways, or roads as have been expressly set apart by law for the exclusive use of horses and light carriages or in any other way regulating motor vehicles or their speed upon or use of the public highways; and no ordinance, rule or regulation contrary or in any wise inconsistent with the provisions of this act, . . . shall have any effect: Provided, however, that the power given to local authorities to regulate vehicles offered for hire, and processions, assemblages or parades in the streets or public places, and all ordinances, rules and regulations which may have been or which may be enacted in pursuance of such powers shall remain in full force and effect, and provided further, that local authorities may set aside for a given time a specified public highway for speed contests or races, to be conducted under proper restrictions for the safety of the public; and provided further, that local authorities may exclude motor vehicles from any cemetery or grounds used for the burial of the dead, and may by general rule, ordinance or regulation exclude motor vehicles used solely for commercial purposes from any park or part of a park system where such general rule, ordinance or regulation is applicable equally and generally to all other vehicles used for the same purpose: Provided further, that local authorities of cities and towns may limit by ordinance, rule or regulation the speed of motor vehicles on the public highways, such speed limitations not to be in any case less than one mile in six minutes, and the maintenance of a greater rate of speed for one-eighth of a mile shall be presumptive evidence of driving at a rate of speed that is not careful and prudent, and on further condition that each city or town shall have placed conspicuously on each main public highway where the city or town line crosses the same, and on every main highway where the rate of speed changes, signs of sufficient size to be easily readable by a person using the highway, bearing the words 'City of ——,' 'Town of ——'; 'Slow down to —— miles' (the rate being inserted), and also an arrow pointing in the direction where the speed is to be reduced or changed, and also on further condition that such ordinance, rule or regulation shall fix the punishment for a violation thereof, which punishment shall, during the existence of such

ordinance, rule or regulation, supersede those specified in section twenty-three.

In the quotation of section 6 of the ordinance above set forth, we have italicized certain portions thereof for convenience of reference. We think the italicized portions indicate the proper construction to be put upon such ordinance for the purpose of this case, and likewise determine the proper construction of section 18 of chapter 72 already referred to.

It will be noted that the ordinance and statute in question by their terms purport to apply to motor vehicles when "operated or driven upon the streets or public highways." It is stipulated in this case that the defendant's car was temporarily "left standing" at one side of the street. It was not in "operation" nor being "driven." The contention of the plaintiff is that a standing car under the circumstances shown is being "operated or driven" within the meaning of the statute and ordinance. It is clear that a standing car is not being operated or driven in a literal sense. There is nothing in the further context of the section that aids the contention of the plaintiff, or invites any other construction than that implied in the literal terms above quoted. The requirement alleged to have been breached is the requirement for lights. Under this section such lights must be exhibited in front and rear on every motor vehicle "operated or driven" on the streets. These requirements also call for two front lamps "visible at least five hundred feet in the direction in which the motor vehicle is proceeding," and one rear lamp carried in such a manner as to render the number plate "visible for at least fifty feet in the direction from which the motor vehicle is proceeding."

A standing car is not in the ordinary sense being "operated or driven"; neither is it "proceeding" in any "direction." The distinction made as between one rear light and two front lights is suggestive of a moving vehicle. Otherwise there would be no consistency in the difference of require-

ment as to front and rear. The expressions, "in the direction *from* which the motor vehicle is proceeding," and "in the direction *in* which the motor vehicle is proceeding," are also suggestive of movement, and are not consistent with the contrary view.

It is to be noted, also, that there is no more reason why a standing motor vehicle should display lights than that any other vehicle should do so. Granting that public safety would be to some extent promoted by the requirement that all standing vehicles in public streets should display lights at night, there is no apparent reason for any distinction between one vehicle and another of equal capacity for obstruction. Nor would there be in such a case any apparent reason for requiring stronger lights in front than in the rear. It is clear to us that the terms of the statute and of the ordinance will not bear the construction contended for by the appellant. The trial court, therefore, properly dismissed the information; no violation of the terms of the ordinance being shown.

This conclusion renders it unnecessary that we pass upon the validity of the ordinance, and upon the question whether its enactment by the plaintiff city was in violation of the prohibitions of section 21 of the statute in question.

The judgment of the trial court is accordingly—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concurring.