R. E. GRIFFIN, Appellee, v. J. KENNERSON McNEIL, Appellant.

**MOTOR VEHICLES:** Negligence—Parking With Light Extinguished.
1   An automobile is not "in use," in a statutory sense (Sec. 5045, Code of 1924), when parked along the side of a street. It is not,

therefore, negligence *per se* to park such a vehicle during the night-time with the rear red light extinguished.

**MUNICIPAL CORPORATIONS:** Ordinances—Construction—Ejusdem
2 **Generis.** An ordinance specifically embracing (1) certain enumerated articles or things and (2) "all other structures, articles, or things" will, ordinarily, be construed as embracing in the latter clause only those "structures, articles, or things" which are of the same general nature as those specifically enumerated.

**TRIAL:** Instructions—Indefinite Exception. An exception to an in-
3 struction is fatally indefinite when it states no more than that the court was in error in giving it.

*Appeal from Boone District Court.*—SHERWOOD A. CLOCK, Judge.

DECEMBER 11, 1924.

ACTION for damages to an automobile. The material facts are stated in the opinion. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*T. J. Mahoney* and *F. L. Mackey*, for appellant.

*Baker & Doran*, for appellee.

STEVENS, J.—I. Shortly after midnight on the night of January 26, 1923, appellee drove his automobile, a Maxwell touring car, to the home of a friend, who resided on Boone Street in the city of Boone, Iowa, where he

1. MOTOR VE-
HICLES: negli-
gence: parking
with light ex-
tinguished.

parked it close to the curbing on the right-hand side of the street, headed north, about 50 feet south of a street intersection, on the northeast corner of which there was an arc light. The lights on the automobile, both front and rear, were turned off; and appellant, failing to observe the car, ran into it, causing the damages complained of. It had been snowing during the evening, but the evidence is in conflict as to whether it had ceased to snow at the time of the accident. The ground was covered with snow, and the witnesses for appellee testified that it was so light that objects on the street could be seen for a considerable distance.

Appellant, who is corroborated by other witnesses, testified that it was snowing or sleeting at the time of the accident.

Appellant made a motion to direct a verdict, at the close of plaintiff's case and again at the close of all of the evidence. The grounds of the motion were that appellee was guilty of contributory negligence in leaving the car in the street without a light on the rear thereof, and that the car constituted an obstruction in the street, within the meaning of the statute and an ordinance of the city of Boone. The motions to direct a verdict were overruled, and the cause submitted to the jury, which returned a verdict in favor of the plaintiff.

Section 1571-m17 of the 1913 Supplement to the Code (Sections 5044 and 5045 of the Code of 1924) requires that the driver of an automobile display a red light on the rear, and two lights in front. The language of Sections 5044 and 5045 of the Code of 1924 varies somewhat from the language of Section 1571-m17, supra. The latter section provides that:

"Every motor vehicle, *operated* or *driven* upon the public highways of this state, shall * * * during the period from one-half hour after sunset to one-half hour before sunrise, display at least two lighted lamps on the front and one on the rear of such motor vehicle, which rear lamp shall also display a red light visible from the rear; * * *. The rays of such rear lamp shall shine upon the number plate carried in the rear of such vehicle in such manner as to render the numerals thereon visible for at least fifty feet in the direction from which the motor vehicle is proceeding. The light or lights of the front lamps shall be visible at least five hundred feet *in the direction in which the motor vehicle is proceeding.*"

Sections 5044 and 5045 provide that lights be displayed on "all motor vehicles *in use* on the public highways * * *." The change in the language of Section 1571-m17 was made by the thirty-eighth general assembly, Chapter 275, Section 25, Subdivision (c). The question is: Was appellee's automobile *in use*, within the meaning of the statute, while standing by the side of and parallel with the curbing in front of the residence where it had been temporarily stopped?

Section 1571-m17 was construed by this court in *City of Harlan v. Kraschel*, 164 Iowa 667. We there held that an auto-

mobile parked on a public street was neither in "operation" nor being "driven," within the meaning of the statute. Unless the change made in the statute by the thirty-eighth general as-' sembly so far alters the meaning thereof as to require a different construction, the *Kraschel* case is decisive of this appeal.

Appellant emphasizes the words "in use,". and contends that the car, although temporarily stopped on the paving, was in use, within the meaning of the statute, and that it was negligence for appellee to leave it in that position with the rear light turned off. The words "in use," "operated," and "driven," as employed in this statute, are not exactly synonymous, but substantially so. While being driven and operated upon the public streets of a city or a public highway, an automobile is, of course, in use; but is it "in use" when standing by the curb of a public street, where it has been left by the driver for a temporary purpose? The interpretation of the statute cannot be based upon the meaning of the words "in use" alone. The context must be considered. Section 1571-m17 provides:

"The light or lights of the front lamps shall be visible at least *500 feet in the direction in which the motor vehicle is proceeding.*"

The thirty-eighth general assembly changed this statute so as to require the front lights to be "of sufficient illuminating power to be visible at a distance of five hundred feet *in the direction in which displayed,* and to reveal any persons, vehicle or substantial object seventy-five feet ahead of the lamps." Section 1571-m17 further provides that:

"The rays of such rear lamp shall shine upon the number plate carried on the rear of such vehicle in such manner as to render the numerals thereon visible for at least fifty feet in the direction *from which the motor vehicle is proceeding.*"

The portion italicized above is identical with the language of the enactments of the thirty-eighth general assembly. The change in the language of Section 1571-m17, in so far as it relates to the front lights, clearly would not require a different construction from that placed upon it in the *Kraschel* case. The act of the thirty-eighth general assembly contemplates that the rear light shall be displayed only when the vehicle is "proceeding;"—that is, the light must be visible for a distance of 50 feet

in the direction from which the motor vehicle is "proceeding."
The purpose of the statute is to prevent accidents and to insure
safety to motor vehicles, as well as to the occupants thereof,
while said vehicles are in use upon the public streets of cities
and towns and upon the public highways. That a motor vehicle
may, in some circumstances, be in use, although stopped upon
the street, as where the exigencies of traffic may make it neces-
sary, is probably true. It is clear that appellee's car was not
proceeding, within the meaning of the statute, while it was
standing upon the street, where it had been left for an indefinite
period. The fact that appellee intended later to continue his
journey home in the automobile is not controlling. It was not,
at the time in question, in use, in the statutory sense. The
change made by the thirty-eighth general assembly does not in
any material sense alter the meaning of the statute. Our atten-
tion is called to cases in other jurisdictions (*Stroud v. Board
of Water Com.,* 90 Conn. 412 [97 Atl. 336]; *Smethurst v. Pro-
prietors of Ind. Cong. Church,* 148 Mass. 261 [19 N. E. 387];
*Commonwealth v. Henry,* 229 Mass. 19 [118 N. E. 224]), in
which statutes somewhat similar to our own have been con-
strued. It may be conceded that the holding in the above cases
is not in strict harmony with our conclusion in the *Kraschel*
case. The statutes are, however, not identical, and the cir-
cumstances considered were somewhat unlike those of the case
before us. On the other hand, our holding in the *Kraschel* case
finds support in *State v. Bixby,* 91 Vt. 287 (100 Atl. 42); *Mus-
grave v. Studebaker Bros. Co.,* 48 Utah 410 (160 Pac. 117);
*Jaquith v. Worden,* 73 Wash. 349 (132 Pac. 33). We shall not
review the cases from other jurisdictions, but see no reason to
depart from the rule adopted in the *Kraschel* case. The statute
requiring lights to be displayed both in the front and rear of
motor vehicles was evidently intended by the legislature to apply
only when said vehicles are actually in use upon a public street
or highway, and not while they are parked by the side of a
street. The custom of stopping motor vehicles near the curb
in front of residences and other buildings is general, and this
fact cannot properly be disregarded by the drivers of other
motor vehicles. Section 5054 of the Code of 1924 makes it a
misdemeanor for any person to permit a motor vehicle to stand

upon the paved portion of any hard-surfaced highway outside of the corporate limits of any incorporated city or town with the rear light extinguished, unless said highway is artificially lighted. The legislature, in framing this statute, no doubt considered the fact that streets of cities and towns are usually sufficiently lighted for all ordinary purposes.

The several cited statutes being read together, and effect being given to the evident spirit and purpose thereof, it seems to us that the failure of appellee to display the rear light on his automobile at the time in question did not constitute contributory negligence, as a matter of law.

II. Appellant offered an ordinance of the city of Boone in evidence, which was excluded by the court, upon the objection of counsel for appellee. This ordinance does not, in terms, prohibit the parking of motor vehicles on the public streets of the city. It is general in character, and was apparently designed to prevent obstructions on the sidewalk in front of places of business, the erection of stairways, etc. The only language of the ordinance that could possibly apply to the facts of this case is as follows:

2. MUNICIPAL CORPORATIONS: ordinances: construction: *ejusdem generis.*

"And all other structures, articles or thing of whatsoever kind which hinders or obstructs the free use of the sidewalk, street, alley or public place."

Motor vehicles are not referred to in the ordinance, and the language quoted must be held to refer to obstructions similar in character to those specifically designated in the preceding sections of the ordinance. The street at the place of the accident was 26 feet in width; and while it was the duty of appellant to drive on the right-hand side of the street, it was yet a question of fact for the jury to determine whether, under all the circumstances shown, he was negligent in operating his automobile at the time of the accident, and whether such negligence was the proximate cause of the damages to appellee's car. The ordinance was properly excluded. The question as to whether appellee was guilty of contributory negligence in leaving his car on the street at all, is not in any way involved on this appeal.

III. The sixth paragraph of the court's charge to the jury, which defined the duty of appellant in the operation of

his automobile, is complained of by appellant in argument. Section 11495, Code of 1924, which is the same as the statute at the time this case was tried, requires that exceptions to instructions shall specify the part thereof excepted to, and the grounds of such exception. The exceptions preserved in this case do not appear in the abstract. The statement of propositions relied upon, in so far as they relate to the instructions, is as follows: ''The court erred in giving to the jury Instruction No. 6.'' We have frequently held that this is not sufficient. For these reasons, the alleged errors in the instructions cannot be reviewed. *Willis v. Schertz,* 188 Iowa 712; *Spiker v. City of Ottumwa,* 193 Iowa 844.

3. TRIAL: instructions: indefinite exception.

We find no reversible error in the record, and the judgment of the court below is—*Affirmed.*

ARTHUR, C. J., and EVANS and VERMILION, JJ., concur.