G. C. ROREM, Appellee, v. JOHN F. PEDERSON, Appellant.

**TRIAL:** Instructions—Paraphrase of Pleadings. A substantial para-
1 phrase of the pleadings is all-sufficient, in presenting, the issues to
the jury.

**BILLS AND NOTES:** Fraud—Inducing Cause. It is reversible error to
2 instruct that the fraud which will avoid a promissory note must
have been the "*only*" inducement to its execution.

**TRIAL:** Instructions—Imposing Undue Burden. It is erroneous so to
3 instruct as to require proof of "some one *or all*" of a series of
alleged false representations.

Headnote 1: 38 Cyc. p. 1610.    Headnote 2:    8 C. J. p. 1079.   Head-
note 3:   38 Cyc. p. 1603.

*Appeal from Hamilton District Court.*—G. D. THOMPSON,
Judge.

JANUARY 20, 1925.

ACTION on a note given by defendant to M. K. Bergfield,
and by her assigned to plaintiff. Two defenses to the note were
made: one, that the note was procured by fraud; and the other,
that, subsequent to execution, an agreement was entered into
that the note should be canceled and returned to defendant. The
case was submitted, and the jury found for plaintiff, and judg-
ment was entered on the verdict. Defendant appeals.—*Re-
versed and remanded.*

*Lee & Garfield* and *Martin & Alexander,* for appellant.

*E. P. Prince,* for appellee.

ARTHUR, J.—I. Mrs. M. K. Bergfield owned the northeast
quarter of a section of land, and defendant, John F. Pederson,
owned the southeast quarter of the same section. The land of
Pederson was higher, or dominant to the land owned by Berg-
field, and some of the surface water from the Pederson land
passed over the Bergfield land. An open ditch had been dug

some time ago, across part of the Bergfield land, which fur-
nished an outlet for tile drainage of both pieces of land. Plain-
tiff, ·Rorem, was the agent of Bergfield in the transactions in-
volved in this case. He was also her son-in-law. Rorem, for
Bergfield, and Pederson made an agreement that, when Berg-
field tiled from the open ditch to the south line of her land,
she would put in 14- and 12-inch tile, so that defendant could
join on with a 10-inch tile from his land, and thus carry water
in tile across her land to the open ditch. For this, Pederson
was to pay Bergfield the difference in the cost of putting in ·
tile that would be large enough to carry water on her land, and
the 12- and 14-inch tile agreed upon as necessary if Pederson
joined on at his north line. After Mrs. Bergfield had completed -
laying the tile to her south line, Pederson executed the note in
suit, in consideration of the use of the tile line laid by her to
carry the water across her land to the open ditch. The tile line
laid by Mrs. Bergfield was of 14- and 12-inch tile, as agreed,
except that, at the north end, for about 2 rods, 8-inch tile was
used. Pederson took up the 8-inch tile, and installed in its
place 10-inch tile. Plaintiff claimed that Pederson, after taking
up the 2 rods of 8-inch tile on the Bergfield land and laying 10-
inch tile in its place, connected his tile with it, and commenced
and continued to use the Bergfield tile as an outlet. Pederson
denies connecting his tile with the Bergfield tile and using it.

Plaintiff's petition was in the ordinary form, stating a
cause of action at law upon a $600 promissory note. The de-
fense, predicated on fraud, was that the note was procured by
false and fraudulent representations made by Rorem, as the
agent of Bergfield, to defendant, in substance:

(1)   That there had been constructed from the county
ditch to the line between the lands of Bergfield and defendant,
an underground tile outlet for defendant's land.

(2)   That the drain consisted of 14-, 12-, and 10-inch tile,
at good grade; that the tile at the line was 10-inch; that the
tile was laid 6 feet deep.

(3)   That the Bergfield tile was constructed at a cost in
excess of $1,700.

Defendant alleged that, believing said statements and re-
lying thereon, he agreed to pay Bergfield for· the privilege of

draining through her tile, $600, and executed the note in suit
therefor; that the Bergfield tile was not laid at a grade of 6
feet, but at a grade of only a little over 4 feet below the sur-
face; that the Bergfield tiling in fact cost not to exceed $1,200;
that the statements in regard to the depth of the tile and the
cost thereof were false, and known to be false, when made.

The defense based on rescission and cancellation of the note
in suit was that, by mutual agreement, the note should be can-
celed and returned to defendant, and that, whenever defendant
desired to tile his land by enlarging his tile and outletting across
the Bergfield land, arrangement would then be made of the
amount he was to pay for the use of the Bergfield tile.

II.   Errors assigned and relied upon for reversal are in
giving Instruction No. 3, on the fraud issue, and Instruction
No. 4, on the issue of rescission, and overruling motions in ar-
rest of judgment and for a new trial.

III.   The issue of cancellation and surrender of the note in
suit was alleged in the answer in the following language:

"The defendant, for further answer to the plaintiff's peti-
tion, and as a separate defense thereto, states that, after said
note was given, by mutual agreement between the payee's agent,
the plaintiff herein, and this defendant, it was
agreed that the same should be canceled and re-
turned to this defendant, and that, whenever
this defendant desired to tile his land by enlarging the tile al-
ready therein and outletting across payee's farm, he should then
make arrangements with payee for the amount which he would
be required to pay."

1. TRIAL: instruc-
tions: paraphrase
of pleadings.

The instruction given on said issue, Instruction No. 4, is
as follows:

"Referring to the defendant's affirmative defense set up
in Division 2 of his answer, you are instructed that, if you find
from the evidence, by a preponderance thereof, that, a short
time after said note was executed, the defendant proceeded to
tile his said land into the outlet provided for under the agree-
ment already entered into, and for which his said note was given,
and that thereupon, the plaintiff, acting as agent for his mother-
in-law, K. M. Bergfield, went to the defendant and told him that
he could not tile into said outlet, and you further find that the

plaintiff, acting as said agent, and the defendant then mutually agreed that the old agreement between them with respect to said outlet should be canceled, and that the note in suit should be surrendered to the defendant, and then and there entered into another agreement in lieu of the former agreement with respect to such outlet, and that the defendant, acting upon said new agreement, then ceased to tile his land under the old agreement entered into by him, substantially as alleged and claimed by the defendant, you will find for the defendant on the affirmative defense set up in Division 2 of his answer, and return a verdict accordingly. If you fail to so find, defendant cannot avail himself of his defense of rescission and cancellation, as set out in Division 2 of his answer.''

Appellant's complaint of the above quoted instruction is that it placed upon him an excessive burden, in that it required him to prove matters that were immaterial to the defense pleaded. Appellant insists that, under the allegations of his answer, above quoted, and the testimony introduced by him in support thereof, he agreed to stop tiling,—that is, to waive his right to connect onto the Bergfield tile line,—and the payee of the note agreed to surrender the note; that proof of such a contract was a complete defense to the note; and that all appellant had to do to defeat the note was to prove that he agreed to waive his right to connect onto the Bergfield tile; and that he did agree to waive this right, and the payee agreed to cancel and return the note. In other words, that it was only necessary for him to prove what he had pleaded, and no more; and that the instruction required him to prove immaterial and unessential facts, before this defense would avail him. The specific complaints are: That the instruction required appellant to establish, by a preponderance of the evidence: (1) That the rescission took place a short time after the note in suit was executed; (2) that appellant had, at the time said contract was made, proceeded to tile his land into the outlet provided, as a consideration for the note in suit; (3) that appellee told appellant that he could not tile into said outlet; (4) that they then and there entered into another agreement, in lieu of the former agreement with respect to the outlet; (5) that appellant, acting upon said new agreement, ceased to tile his land; (6)

that the court instructed the jury that, unless all of the above mentioned things were shown by a preponderance of the evidence, appellant could not avail himself of his defenses of rescission and cancellation.

We think the complaints are without substantial merit. The instruction dealt with concrete questions, the issues in evidence under the pleadings, and properly so. There was no prejudicial error, we think,—at least no reversible error,—in the instruction. The instruction correctly required the jury to find that it was "mutually agreed that the old agreement between them with respect to said outlet should be canceled, and that the note in suit should be surrendered to defendant." Particular objection is made to the further language in the instruction, that:

"And then and there entered into another agreement in lieu of the former agreement with respect to such outlet, and that the defendant, acting upon said new agreement, then ceased to tile his said land under the old agreement entered into by him, substantially as alleged and claimed by the defendant."

We think that the further requirement of the instruction above quoted did not place an unjustified burden upon appellant. In substance and effect, appellant pleaded a new agreement, to take the place of the original agreement. The new agreement alleged was that the note given under the original agreement should be canceled, and that:

"Whenever this defendant desire to tile his land by enlarging the tile already therein and outletting across payee's farm, he should then make arrangements with payee for the amount which he would be required to pay."

All that the instruction required the jury to find, in order to find for defendant on the issue of rescission, was that appellant had substantially proved the allegations of his pleading. The instruction did not require the proof to be any different or broader than the allegations of the pleading.

IV. By Instruction No. 3, submitting appellant's affirmative defense of fraud in the inception of the note in suit, the court required, among other things, appellant to prove that he relied upon the claimed representations, and was induced thereby to execute the note in suit "only" because thereof. It has been frequently

2. BILLS AND NOTES: fraud: inducing cause.

held, in substance and fact, that it was not necessary that the false representations should be the sole inducement to enter into a contract; and that it is sufficient to show that they were relied upon to some extent, and that but for them the contract or deal would not have been made. *Dashiel v. Harshman,* 113 Iowa 283; *Baker v. Mathew,* 137 Iowa 410; *Skeels v. Porter,* 165 Iowa 255. The use of the word "only" was not only unfortunate, but it was erroneous, and reversible error.

V. Instruction No. 3, submitting the issue of fraud, required appellant to prove that appellee made to him "some one" or "all" of the representations charged. Complaint is made of the use of the words "one or all." Such words were probably used through inadvertence. A correct expression would have been, "one or more," or language of like effect. While, in the case before us, the instruction in this particular may not have been prejudicial, it was erroneous. In view of the fact that the case must be reversed because of error pointed out in this same Instruction No. 3, we deem it not necessary to further discuss it.

3. TRIAL: instructions: imposing undue burden.

Results in reversal of the case.—*Reversed and remanded.*

FAVILLE, C. J., and EVANS and STEVENS, JJ., concur.