Jess Leete, Appellant, v. Friend L. Hays, Appellee.

No. 40291.

December 9, 1930.

*Kimball, Peterson, Smith & Peterson, Havens & Elston,* and *Whitney W. Gilliland,* for appellant.

*Tamisiea & Tamisiea,* for appellee.

WAGNER, J.—The injury to the plaintiff occurred in the early evening of December 27, 1927, on a graded highway, running east and west. The distance from ditch to ditch was about 27 feet, but the traveled portion of the highway was only about 20 feet. Prior to the injury, the plaintiff had been traveling in an easterly direction upon said highway, and, discovering that his left rear tire was deflated, he stopped, jacked up the wheel, and removed the tire, which was placed in the road to the north of his car. The defendant approached the scene of the collision in his car from the west. It was a cloudy, misty, foggy evening. It is shown that the sun set at 4:30 P. M. At just what time the accident occurred, the evidence is in dispute. The evidence of plaintiff's witnesses tends to show that it occurred about 5 o'clock, while that of defendant's witnesses tends to show that the time of the accident was about 5:30. The plaintiff testified: "It must have been about 5 o'clock when we stopped." The defendant testifies that he looked at his watch when he left Modale,—some miles from the scene of the accident,—and that it was then 5:10 P. M. There is a difference in the testimony as to how far the plaintiff's car was standing from the south ditch, some of plaintiff's testimony being to the effect that it was as close to the ditch as practicable,—18 inches or 2 feet therefrom,—while that of defendant is that the right wheels of plaintiff's car were as much as 4 feet from the ditch in the traveled portion of the road. The uncontradicted evidence is that there were no lights, neither head lights nor a tail light, displayed on plaintiff's car at the time in question. Defendant had the lights on his car turned on. Defendant testifies that, as he was approaching the scene of the accident from the west, a car with

extremely bright lights was coming from the east, which passed him immediately west of plaintiff's car; that, on account of the bright lights facing him, he did not see the plaintiff's automobile until the other car had passed, going west, when he was about 15 feet from plaintiff's car, whereupon he applied the brakes, and turned his car to the north, missing plaintiff's automobile; and that, as he turned, he saw something sort of white, down toward the ground, move, and he still tried to miss what he then saw, but struck it. The appellant contends that, at the time when he was struck, he was standing with his left foot upon the running board of his car, with his right foot in the highway, and was looking in the car for material to fix the tire. It was plaintiff's left leg that was broken. There is evidence that the wheels of defendant's car slid 50 feet after the brakes were applied. The injury to plaintiff is severe and permanent in character, and it is unnecessary for us to further characterize the nature thereof. Appellant's sole contention is that the court erred in instructions to the jury, and we will not further detail the facts as disclosed by the evidence of the respective parties.

The appellant complains that the court, by Instructions 2 and 3, submitted to the jury, as one of the issues, a matter not alleged in defendant's answer. The appellant is wrong in this contention; for a careful reading of the answer will disclose that the statement in the instruction complained of is the substance of the allegations of the answer in this respect. The issues in a negligence case are well defined: (1) Was the defendant negligent in one or more of the particulars alleged in the petition? (2) Was said negligence the proximate cause of the injury? (3) Was the plaintiff guilty of negligence contributing to his injury? (4) What is the amount of plaintiff's damages? We have repeatedly condemned the practice by trial courts of substantially copying the pleadings in stating the issues to the jury, and in some cases, where the disputed questions were not made clear, have reversed. See *Mowry v. Reinking*, 203 Iowa 628; *Elmore v. Des Moines City R. Co.*, 207 Iowa 862. Evidentiary allegations of fact alleged in the pleadings should be omitted by the court in stating the issues to the jury; but this is not appellant's complaint at this point, as made by his exceptions to the instructions. His exception to that part of the instruction is "for the reason that, in the answer of the defend-

ant, the defendant made no such allegation.'' There is no error in the overruling of the exception as made by the appellant.

As grounds of negligence on the part of the defendant, the plaintiff alleged in his petition, in substance, as follows: (1) That the defendant was driving his automobile at a fast, dangerous, and reckless rate of speed; (2) that the defendant was driving said automobile upon the highway at the time in question without due regard to the rights of others; (3) that the defendant did not have his car under proper control; (4) that the defendant failed to turn sufficiently to the left to avoid striking the plaintiff; (5) that the defendant did not reduce the rate of speed of his automobile to a reasonable and proper rate, when passing the plaintiff and his car; (6) that the defendant gave no sound or warning of his approach. The averments of the petition as to the grounds of negligence are not stated in the preliminary instructions as to the issues in the case. The court, in the basic instruction as to the grounds of negligence charged against the defendant, grouped the same, instead of submitting them as separate and distinct grounds of negligence. To illustrate, the court said:

''The specific acts of negligence on the part of the defendant as claimed by the plaintiff are * * * (3) That the defendant failed to turn sufficiently to the left to avoid striking the plaintiff, and that the defendant did not reduce the rate of speed of his automobile to a reasonable and proper rate, when passing plaintiff and his car.''

He then told the jury that, in order to entitle the plaintiff to recover, they must find from a preponderance of the evidence that the defendant was negligent in some one or more of the ways claimed, ''and as above stated.'' The plaintiff excepted to this grouping of the separate and distinct grounds of negligence. There is merit in appellant's complaint. See *Williams v. Iowa Cent. R. Co.,* 121 Iowa 270; *Rorem v. Pederson,* 199 Iowa 304. If the jury had found that the defendant was negligent as to any one of the separate and distinct grounds of negligence alleged, which was the proximate cause of plaintiff's injury, and that plaintiff was free from contributory negligence, then he was entitled to recover. Under the instructions hereinbefore

mentioned, and the illustration as given, before the jury could find for the plaintiff, it was incumbent upon them to find that the defendant was negligent on two separate and distinct grounds of negligence charged against the defendant. This is not the law. What is said as to the grouping in the aforesaid quoted portion of the instruction is also applicable to the grouping of other grounds of negligence referred to in said instruction and not herein quoted. This error is not obviated by other instructions given by the court.

The appellant complains that, in one of the court's instructions, the court told the jury that, in determining the question of negligence charged against the defendant, they should take  into consideration what the defendant did; but omitted to tell them that, in determining said question, they should take into consideration what the defendant failed to do. It is true that negligence is the doing of something which an ordinarily careful and prudent person, under the same circumstances, would not do, or the failure to do something which an ordinarily careful and prudent person, under the same circumstances, would do. However, the court told the jury, in substance, that, in the determination of the question of negligence charged against the defendant, they should take into consideration all of the facts and circumstances as disclosed by the evidence and bearing upon that question. We find no error at this point.

The trial court told the jury that the statute provides that all motor vehicles in use on the public highway shall, during the period from one-half hour after sunset to one-half hour before  sunrise display two or more white or tinted lights on the forward part of said vehicle, of sufficient illuminating power to reveal any persons, vehicles, or substantial objects 75 feet ahead of the lamps; and that the statute further provides that such motor vehicles, when in use, shall display on the rear a lamp so constructed and placed as to show a red light from the rear, and throwing a white light directly upon the rear registration number, so as to render the numerals thereon visible for at least 50 feet in the direction from which the vehicle is proceeding. The court then added:

"Under this statute, you will consider, so far as shown by the evidence, what lights, if any, the plaintiff had upon his car, whether it was at a time when said lights were required or reasonable, what lights the defendant had upon his car, if any, and from all the facts and circumstances in the evidence before you, determine whether or not either party was negligent with reference to the requirements or displaying of lights at the time in question."

As to this, the appellant complains, and there is merit in his complaint. It is undisputed that there were no lights displayed on plaintiff's car at the time in question. The appellant made no allegation of negligence as against the defendant in this respect. Apparently, the court was impressed with the belief that, if the time in question was more than one-half hour after sunset, then the plaintiff was under the statutory duty to display a tail light on his car standing in the highway; for he told the jury that, under the statute, they should consider whether it was at a time when said lights were *required*,—in other words, that, if the jury found that the accident occurred more than one-half hour after sundown, then they would be authorized to find that it was the statutory duty of the plaintiff to have displayed a tail light on his car and to find him guilty of negligence for failure to comply with the statute. The statute, Section 5045, Code, 1927, provides:

"Such motor vehicle when *in use* shall also display on the rear a lamp so constructed and placed as to show a red light from the rear and throw a white light directed upon the rear registration number and render the numerals thereon visible for at least 50 feet in the direction from which the vehicle is proceeding." (Writer's italics.)

The question is: Was plaintiff's car "in use" and "proceeding" at the time in question? It had been standing still for some time. Both occupants of the car, the plaintiff and his son-in-law, who was with him, were in the road, engaged in replacement of a deflated tire. It is apparent that the car was not "proceeding," and that its use had been temporarily abandoned. The plaintiff and his son-in-law were employed in fixing it, so that it could be put "in use." We had said statute before us for our

consideration in *Griffin v. McNeil*, 198 Iowa 1359, and we considered the former statute in *City of Harlan v. Kraschel*, 164 Iowa 667. At the time of our pronouncement in *City of Harlan v. Kraschel*, 164 Iowa 667, the statute provided: ''Every motor vehicle *operated or driven*,'' etc. We there held that a standing car is not being ''operated'' or ''driven,'' and that it is not ''proceeding'' in any ''direction.'' The statutes considered in *Griffin v. McNeil*, 198 Iowa 1359, are the statutes now in force, and provide: ''All motor vehicles *in use*,'' etc. ''Such motor vehicle *when in use*,'' etc.

In the *McNeil* case, the car was parked on the right-hand side of the street, and we held that the automobile was not ''in use,'' within the meaning of the statutory law. We there said:

''Was appellee's automobile *in use*, within the meaning of the statute, while standing by the side of and parallel with the curbing in front of the residence where it had been temporarily stopped? Section 1571-m17 was construed by this court in *City of Harlan v. Kraschel*, 164 Iowa 667. We there held that an automobile parked on a public street was neither in 'operation' nor being 'driven,' within the meaning of the statute. Unless the change made in the statute by the thirty-eighth general assembly so far alters the meaning thereof as to require a different construction, the *Kraschel* case is decisive of this appeal. Appellant emphasizes the words 'in use,' and contends that the car, although temporarily stopped on the paving, was in use, within the meaning of the statute, and that it was negligence ·for appellee to leave it in that position with the rear light turned off. The words 'in use,' 'operated,' and 'driven,' as employed in this statute, are not exactly synonymous, but substantially so. While being driven and operated upon the public streets of a city or a public highway, an automobile is, of course, in use; but is it 'in use' when standing by the curb of a public street, where it has been left by the driver for a temporary purpose? The interpretation of the statute cannot be based upon the meaning of the words 'in use,' alone. The context must be considered. Section 1571-m17 provides: 'The light or lights of the front lamps shall be visible at least *500 feet in the direction in which the motor vehicle is proceeding*.' The thirty-eighth general assembly changed this statute so as to require the front lights to

be 'of sufficient illuminating power to be visible at a distance of five hundred feet *in the direction in which displayed,* and to reveal any persons, vehicle or substantial object seventy-five feet ahead of the lamps.' Section 1571-m17 further provides that: 'The rays of such rear lamp shall shine upon the number plate carried on the rear of such vehicle in such manner as to render the numerals thereon visible for at least fifty feet in the direction *from which the motor vehicle is proceeding.'* The portion italicized above is identical with the language of the enactments of the thirty-eighth general assembly. The change in the language of Section 1571-m17, in so far as it relates to the front lights, clearly would not require a different construction from that placed upon it in the *Kroeschel* case. The act of the thirty-eighth general assembly contemplates that the rear light shall be displayed only when the vehicle is 'proceeding,'—that is, the light must be visible for a distance of 50 feet in the direction from which the motor vehicle is 'proceeding.' * * * It is clear that appellee's car was not proceeding, within the meaning of the statute, while it was standing upon the street, where it had been left for an indefinite period. The fact that appellee intended later to continue his journey home in the automobile is not controlling. It was not, at the time in question, in use, in the statutory sense. The change made by the thirty-eighth general assembly does not in any material sense alter the meaning of the statute. * * * The statute requiring lights to be displayed both in the front and rear of motor vehicles was evidently intended by the legislature to apply only when said vehicles are actually in use upon a public street or highway, and not while they are parked by the side of a street. * * * The several cited statutes being read together, and effect being given to the evident spirit and purpose thereof, it seems to us that the failure of appellee to display the rear light on his automobile at the time in question did not constitute contributory negligence, as a matter of law.''

It perhaps is not amiss to say that Section 5045, Code, 1927, was amended by Section 1, Chapter 25, Laws of the Forty-third General Assembly, so that, as amended, said section now reads as follows: ''Such motor vehicle when in use *or parked upon*

*or immediately adjacent to the traveled portion of the highway,"*
etc.  The italicized portion constitutes the amendment.

However, this accident occurred on the evening of December
27, 1927, and we must consider the statute as it was at that time.
In view of our previous pronouncements, it is quite clear that
there was no statutory duty resting upon the plaintiff to have
displayed a tail light on his automobile at the place in question,
although it may have been more than a half hour after sundown.
The standard by which plaintiff's conduct in this respect should
be governed is only that of an ordinarily careful and prudent
man in the same circumstances; while the jury, under the in-
struction given, were authorized to find a failure on his part to
comply with a statutory duty.  A portion of this same thought
relative to the statutory duty of the plaintiff to maintain a tail
light at the time in question was also erroneously inserted in
another of the instructions.

The appellant complains because the court told the jury, in
one of the instructions, that it appears without conflict that de-
fendant did turn to the left, and that there was no contact or
collision between the cars.  It is undisputed that there was no
contact or collision between the cars, but plaintiff's claim is that
defendant was negligent in failing to turn sufficiently to the left
to avoid striking the plaintiff.  The statement should be avoided
upon a retrial.

The appellant complains of what is said in Instruction Num-
ber 13, relative to contributory negligence on the part of the
plaintiff; but we find no error in this respect, as the language
used imposed upon the plaintiff only the duty of exercising the
same care and caution as an ordinarily careful and prudent man,
under the same circumstances, would have exercised.

In one of the instructions, the court told the jury of certain
matters which it should take into consideration in determining
the question of negligence charged against the defendant, and
also the question as to contributory negligence of the plaintiff.
The appellant complains of this instruction; but it is apparent
that there is no reversible error at this point, as the court told
the jury therein, in substance, that, in the determination of
these questions, they should take into consideration all of the
facts and circumstances as disclosed by the evidence and bearing
upon these questions.

We have considered all complaints made by the appellant against the instructions, and for the reasons hereinbefore given, the judgment of the trial court is hereby reversed, and the cause remanded for a new trial.—*Reversed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.