J. F. RILEY, Appellee, v. E. W. GUTHRIE, Appellant.

No. 42393.

JUNE 23, 1934.

Korf & Korf, and Putnam, Putnam, Langdon & Fillmore, for appellant.

Campbell & Campbell, for appellee.

STEVENS, J.—The collision out of which this action arose occurred near the intersection of First Avenue East and East Eleventh Street South, in the city of Newton. A few minutes before the collision, appellee parked his truck near and parallel with the south curb of the pavement on First Avenue East and immediately west of the intersection. An ordinance of the city of Newton prohibited

the parking of motor vehicles at this point on First Avenue East. Appellant was proceeding westward driving a ton and a half Ford truck.

According to the testimony introduced in his behalf, appellant did not see appellee's truck until he was within eight or ten feet of it. He estimated the speed of his truck at from twenty to twenty-five miles per hour. He testified that his vision was interfered with by the presence of an approaching automobile displaying a very bright light.

It is not seriously argued by appellant that he did not violate the clear distance ahead statute or that he was not guilty of negli-gence in the operation of his truck. The testimony on behalf of appellant further tended to show that appellee's truck did not display any lights of any kind on the rear thereof. Appellee and his wife, who was with him, both testified that the headlights were on, but that they did not look to see whether the tail-light was on or not; they were in working order a day or two prior to the date in question.

At the conclusion of appellee's testimony, appellant moved the court for a directed verdict upon the ground, among others, that appellee not only violated the city ordinance, which prohibited the parking of his truck at the place described, but that he also violated section 5044-d1, Code, which requires that every vehicle more than six feet in width, measured at the widest point, shall carry on each of the four corners of the body an electric clearance lamp or a reflex reflector so as to clearly outline the limits of the body, and section 5045, which requires motor vehicles, when in use or parked upon or immediately adjacent to the traveled portion of a highway, to display, on the rear, a lamp so constructed and placed as to show a red light from the rear and a white light upon the registra-tion number so as to render the numerals visible for a distance of fifty feet, and was therefore guilty of contributory negligence. The court overruled the motion and submitted the case to the jury.

The court instructed the jury that, if appellee violated any of the foregoing statutes or the city ordinance of the city of Newton, as claimed, then he would in such case be negligent, and that, if such negligence was the proximate cause, or contributed to the col-lision and damage, then appellee could not recover.

The court further instructed the jury that the mere fact that the truck of appellee was parked on First Avenue East at the point

of the collision in violation of the city ordinance would not, in itself, defeat plaintiff's recovery, and that, to do so, some causal connection between the violation of the city ordinance and the collision and consequent damages must be shown. The testimony tended to show that appellant and his companion were intoxicated and they were arrested and held in custody during the night; the collision occurring between 9 and 9:30 p. m. in January. Had appellant been operating his truck with reasonable care by maintaining a careful lookout ahead, he could, undoubtedly, easily have avoided the collision. The absence of lights upon the rear of the parked truck obviously did not prevent appellee's truck from being seen for a considerable distance. The jury could have found that the street and intersection were well lighted.

The precise question here presented has not been passed upon by this court. Two prior decisions deal with the question of negligence in the parking of an automobile without displaying lights on the rear thereof. City of Harlan v. Kraschel, 164 Iowa 667, 146 N. W. 463; Griffin v. McNeil, 198 Iowa 1359, 201 N. W. 78. In the foregoing cases, recovery was denied upon the ground that the statute was limited in its application to motor vehicles in use.

A change in section 5045 of the statute, which makes it applicable to parked vehicles, is of manifest importance in this case. Appellee seeks to recover damages to his truck which could not have been received had he not parked the same at the point designated. His act in parking the truck constituted negligence as a matter of law, for the reason that it was parked in violation of an ordinance of the city of Newton, which appellee concedes was valid and enforcible. Negligence in parking the truck in violation of the city ordinance does not differ in principle from negligence in operating the same upon a public street or highway in violation of a statute or ordinance. Did the negligence of appellee contribute in some degree to the collision and the consequent injury and damage to the truck? If so, is the question one of law to be determined by the court, or one of fact to be submitted to the jury?

The physical presence of the truck at the place of the collision, parked in the manner shown, constituted negligence as a matter of law. Such negligence must, necessarily have contributed to the collision and consequent damages. There is no way of separating the physical presence of the truck at a point where it did not have a legal right to be and the negligence of appellee in placing it

there. Upon what theory could the jury properly have found that the negligence of appellee did not contribute to the accident? All of the general propositions involved are familiar and require no discussion or citation of cases. No case directly and in all respects in point is cited by counsel. The nearest case approaching the situation presented is Wall v. Cotton, 22 Ala. App. 343, 115 So. 690. In that case, the plaintiff's car was left in the highway at night without lights or other signs to give warning of its presence. The highway was a main state highway extensively traveled. The court held that the lawful traveler had a right to assume that the entire width of the highway was free from unlawful obstruction, and that, notwithstanding the defendant's car was being operated unlawfully when it came in collision with plaintiff's car, a collision would not have occurred if plaintiff had not negligently violated a similar statute, and that his negligence necessarily contributed to the collision. The doctrine of the above case would seem to be sound and unavoidable under the law of negligence. The negligence of appellant, however gross in character, afforded no excuse for the negligence of appellee. Both were negligent, in the absence of which the collision and consequent injury to appellee's truck could not have occurred. As the question upon which the conclusion of the court is based is limited to the subject of contributory negligence, we confine our discussion strictly thereto. As having some bearing upon the question, see Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569; Ellis v. Bruce, 217 Iowa 258, 252 N. W. 101; Szabo v. Tabor Ice Cream Co., 37 Ohio App. 42, 174 N. E. 18.

It is the conclusion of the court that appellee was guilty of contributory negligence as a matter of law, and that appellant's motion for a directed verdict should have been sustained.—Reversed.

All Justices concur.