STATE *v.* WALTER E. BIXBY.

February Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed March 3, 1917.

*Judicial Notice—Time of Sunset—Automobile Lights—P. S. 4094 as Amended.*

Judicial notice will be taken of the time of sunset upon a particular day.

An automobile left standing next the curb in a public highway, without moving or having its machinery in motion for over two hours is not being operated, within the meaning of P. S. 4094, as amended

by No. 147, Acts 1912, § 1, providing that an automobile operated during the period of forty-five minutes after sunset to forty-five minutes before sunrise, shall display certain lights.

PROSECUTION for operating an automobile without lights, in violation of P. S. 4094 as amended by No. 147, Acts 1912, § 1. Plea not guilty. Heard upon an agreed statement of facts, in the city court of the city of Barre, *Scott*, Judge. Judgment, guilty. The respondent excepted. The opinion states the case.

*Earle R. Davis* for the respondent.

An automobile is not "operated" when standing still with none of its machinery in motion. The word "operate" means to put into, or continue in, operation, or activity; to work, as to operate a machine, and is distinct from maintaining. Words & Phrases, vol. 6, 4989; 151 Ill. 634; see also Webster's Dictionary.

The expressions in the statute "in the direction from which such automobile or motor vehicle is proceeding" and "in the direction in which the automobile or motor vehicle is proceeding" suggest that the automobile must be in motion. *City of Harlan* v. *Kraschel*, 146 N. W. 463.

*Fred E. Gleason*, State's Attorney, for the State.

An automobile standing at the curb is within the operation of a statute requiring lights on automobiles driven on public streets during the hours of darkness. *Jacquith* v. *Worden*, 73 Wash. 349, 132 Pac. 33, 48 L. R. A. 827.

The word "operate" as used in the statute should be given a broad meaning. *So. Ind. Ry. Co.* v. *Harrell*, 161 Ind. 689, 63 L. R. A. 460; *St. L., etc., Ry. Co.* v. *Callahan*, 194 U. S. 628, 48 L. Ed. 1157; *Rhodes* v. *Matthews*, 67 Ind. 131; *Cumming* v. *Brooklyn City R. Co.*, 104 N. Y. 669; *No. Pac. Ry. Co.* v. *Cady*, 44 Kan. 633, 24 Pac. 1088; *Daley* v. *B & A. Ry. Co.*, 147 Mass. 101; *Cent. Trust Co.* v. *Condon*, 67 Fed. 84, 92; *Miller* v. *Minn. & N. W. R. Co.*, 39 N. W. 188; *Tex. & P. R. Co.* v. *Webb*, 31 Tex. Civ. App. 498, 72 S. W. 1044, 1046.

WATSON, C. J. The respondent was adjudged guilty on an agreed statement of facts, upon a complaint charging him with

operating an automobile in the city of Barre, without lights, in violation of the provisions of P. S. 4094 as amended by No. 147, Laws of 1912, § 1. Among other things that section of the statute provides: "An·automobile or motor vehicle operated during the period of forty-five minutes after sunset to forty-five minutes before sunrise shall display at least two lighted lamps on the front, and one on the rear of such automobile or motor vehicle." By P. S. 4097, a person who violates this provision is subject to a penalty.

The established facts show that on the 6th day of June, 1916, the respondent left his automobile standing, without lights, next to the curb on North Main Street, a public highway in the city of Barre; that the automobile was left in this situation before forty-five minutes after sunset, and so remained, without lights, until 10:30 in the evening; and that during all this time·the automobile was not moved, nor was any of its machinery in motion.

We take judicial notice that on the day named the sun set at 7:33 p. m. The length of time that the automobile stood on the street, as shown by the record, must have been at least some two and a quarter hours, within which time, so far as appears, the respondent was not in or near it, and its machinery was dead.

We are aided in the construction of the statutory provision in question, by reference to the context: the two sentences immediately following the one quoted above specify that the rays of the rear light shall shine upon the rear number plate in such manner as to render the numerals thereon visible for a certain distance "in the direction from which such automobile or motor vehicle is proceeding"; and that the light from the front lamps shall be visible a certain distance "in the direction in which the automobile or motor vehicle is proceeding." This indicates pretty strongly that, in general, the provision upon which this prosecution is based has reference to automobiles and motor vehicles which are moving. Very likely one that has incidentally stopped may be within the provision in question; but not when left by itself in the manner and for the length of time appearing in this case. We hold, therefore, that within the period of time stated, the respondent's automobile was not being operated by him, within the meaning of the statute, and that the exception to the judgment must be sustained.

*Judgment reversed and respondent discharged.*