STATE OF IOWA, Appellee, v. EDDIE WEBB, Appellant.

**MOTOR VEHICLES:** Operation—Operation Defined. An intoxicated person is "operating" an automobile, within the meaning of Sec. 5027, Code of 1924, when, preparatory to actually moving the car along the highway, he puts the engine in motion.

Headnote 1: 28 Cyc. p. 49.

*Appeal from Scott District Court.*—D. V. JACKSON, Judge.

NOVEMBER 16, 1926.

Defendant was indicted for operating an automobile while in an intoxicated condition. From a judgment against him, based on the verdict of the jury, he appeals.—*Affirmed.*

*U. A. Screechfield,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Earl F. Wisdom,* Assistant Attorney-general, for appellee.

ALBERT, J.—For the purpose of the questions involved herein, the facts, as stated by defendant himself, are, in substance, as follows:

On the night in question, at somewhere near midnight, defendant, with three women in his automobile, drove into an alley in the city of Davenport, and parked his car. He and the women left the car and went into the second story of an adjoining building, where one Mills and his wife lived. There were several other persons present in the Mills residence, and they all had something to drink and eat, and defendant says that he drank a bottle of beer and ate some sandwiches; that the beer was home brew; that, about 2:30 in the morning, defendant and his companions left the Mills home by a back stairway; that defendant seated himself in his car, and stepped on the starter, while the women were "getting settled" in the car; that, as the back door was slammed shut, a police car appeared, and, before defendant's car had moved, defendant and his party were arrested and taken to the police station. He says his car was not in gear, but was in neutral, and that he had just stepped on the starter, and let it run for a while. The point urged most seriously is that the defendant was not "operating" his automobile, within the meaning of the statute. Section 5027, Code of 1924, provides:

"Whoever while in an intoxicated condition operates a motor vehicle shall upon conviction be sentenced * * *"

Defendant asked several instructions along the line of his contention herein: to wit, that, until a car is in motion, this

statute is not effective; or, to state it in the form contended for by defendant, "a motor vehicle is not being operated when standing still, and only the engine is idling, since to operate a motor vehicle means to drive or cause same to move by its own power." As supporting his contention, we are cited to *City of Harlan v. Kraschel,* 164 Iowa 667; *Haller v. Quaker Oats Co.,* 181 Iowa 389; *State v. Lorey,* 197 Iowa 552; *Norcross v. Roberts Co.,* 239 Mass. 596 (132 N. E. 399); *State v. Bixby,* 91 Vt. 287 (100 Atl. 42); *People v. Rosenheimer,* 209 N. Y. 115 (102 N. E. 530). In the *Kraschel* case, supra, defendant was indicted for operating a car without having the requisite lights burning. He had parked his car at the side of the street, and turned off the lights; the engine was not running; there were no other occupants in the car; and defendant had been gone from the car somewhere from five to fifteen minutes when he was arrested. We there held that the action of the trial court in dismissing the information was proper. It is to be noted that that case was decided under a different section of the statute, and we there construed that section of the statute as a whole, and held that he was not violating the same.

In the *Haller* case, supra, nothing is said which would shed any light on the question we have before us.

In the *Lorey* case, supra, there was a collision between two cars. A policeman, who was standing across the street from where the collision occurred, but did not see it, went immediately to the place of collision. He testified that, at the time, there were two men in a Ford car (defendant's car), both of whom were intoxicated; that the defendant was at the wheel, lying over it in a limp condition, and so under the influence of liquor that he could not control the car, and was not able to handle it. The district court directed a verdict on the ground that the evidence did not show that defendant "was engaged in the operation of said automobile." We there said:

"It was quite impossible, under the evidence, for this drunken man to have gotten into the car at the wheel in the brief length of time that intervened between the time the witness heard the crash and the time when he arrived at the car. The case presented all the essential facts for the determination of the guilt of appellee by the jury, and in fact, upon the evidence, the conclusion of guilt is quite irresistible."

In the *Norcross* case, supra, the action was a civil action for damages.   The Massachusetts statute provided that "no person shall operate any motor vehicle * * * unless * * * registered," and provided that, if he did so, he could not recover.  The plaintiff's motorcycle was not registered, as required by law.  He had taken it to an adjoining town, to have it repaired, and when he went to get it, the engine was frozen; so he proceeded to push the machine along the highway, and while so doing, was struck by defendant's truck, coming suddenly from the rear.   The court there said: •

"We are of opinion that the plaintiff's action in pushing his disabled motorcycle along the street did not bring him within the language or the purpose of the statute."

The question decided in the *Rosenheimer* case, supra, was on a demurrer to an indictment, and what is there said has no relevancy to the question here under discussion.

The *Bixby* case, supra, was a question of leaving a car standing during the prohibited hours, without lights, on the side of a public street in the city of Barre, Massachusetts.  It is a twin to our *Kraschel* case, supra, and is made to turn upon a similar statute to that of this state on the same subject.  It aids little in the determination of the question we have before us.

In the case of *Stroud v. Board of Water Com.,* 90 Conn. 412 (97 Atl. 336), it is said:

"The word 'operation,' therefore, must include such stops as motor vehicles ordinarily make in the course of their operation. * * * In this case, the plaintiff's car was as much in the ordinary course of operation on the highway at the time of the injury as if it had been used for shopping, calling, or delivering merchandise."

Again, in the case of *Smethurst v. Proprietors of Ind. Cong. Church,* 148 Mass. 261 (19 N. E. 387), it is said:

"In order to be a traveler, it is not necessary that one should be constantly moving, if he is a pedestrian, or that the vehicle he drives, or that in which he is conveying goods, if he is using one, shall be continuously in motion.  It would certainly be impossible to use the highways conveniently for the ordinary purposes of business or social life, with teams or lighter carriages, if occasional stops were not permitted, to enable those using them to load and unload teams, to receive and deliver

goods, to enter shops and stores, and to make brief calls of business or even of a social character.''

Turning to our own cases, we had a somewhat similar question before us in the case of *State v. Overbay,* 201 Iowa 758. In that case the car had slid into a ditch, and defendant was seated at the wheel, operating the engine, and another party was behind the car, pushing, in a joint effort to get the car out of the ditch. We there held that, although the car was not moving, it was yet being ''operated,'' within the meaning of the statute.

The defendant in the case at bar testified that he had started the engine, and that it was running. This is one of the necessary elements in the operation of a car. In other words, he could not have put his car in motion without having first started the engine, and the starting of the engine, therefore, is the first step in the operation of a car. We are disposed to hold, in line with the *Overbay* case, that the defendant was ''operating'' his car, within the meaning of the statute. The real danger that this statute seeks to protect against is from the possible results from a drunken condition of a driver. The testimony in the case shows that they came to this place in an automobile, and had seated themselves in the car after they came down from upstairs, for the purpose of going somewhere else; and the starting of the car was the initial step in carrying out the operation of the car. We therefore hold that this contention of appellant's herein is erroneous, and that he was not entitled to the instructions for which he asked.

It is urged that the sentence of the court of a fine of $500 and costs is excessive. The limit provided by the statute is a fine not exceeding $1,000, or a year in the penitentiary, or both (Section 5027, Code of 1924); and we are not disposed to hold this fine excessive. There is probably no greater danger to the traveling public today than that of an intoxicated man, driving a car. It should be eliminated, if possible, and a fine of this character will tend to that end.

Some other questions are discussed, but what is said herein disposes of them.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.