STATE of Iowa, Appellee,

v.

William Frank WEAVER, Appellant.

No. 86–1274.

Supreme Court of Iowa.

May 13, 1987.

Richard N. Tompkins, Jr., Mason City, for appellant.

Thomas J. Miller, Atty. Gen., and Daniel Perkins, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER, and NEUMAN, JJ.

NEUMAN, Justice.

On March 20, 1986, at approximately 11 p.m., defendant William Frank Weaver was found sitting in his pickup truck with the engine running and lights on, parked in the middle of a gravel road just west of Highway 65 near Rockwell, Iowa. A police officer on patrol found the circumstances suspicious and eventually arrested the defendant for operating while intoxicated in violation of Iowa Code section 321.281 (1985). Defendant readily concedes that his blood alcohol concentration at the time of his arrest was .265, without question evidence of intoxication. He claims, however, that his vehicle was inoperable as he sat on the highway and thus there was a failure of proof on one of the essential elements of the crime charged. The trial court disagreed, entering judgment and sentence on the jury's verdict finding defendant guilty of operating while intoxicated, second offense. *See* § 321.281(1) (1985). We affirm.

On appeal, Weaver points to two alleged errors by the trial court upon which he relies for reversal of his conviction: (1) the court's refusal to sustain his motions for judgment of acquittal urged at the close of the State's case and renewed upon close of all the evidence, based upon the State's failure to prove the vehicle was operable; and (2) the failure of the court to instruct the jury that the vehicle's operating mechanism must allow movement of the vehicle in a lateral direction, forward or backward.

I. When reviewing the propriety of a ruling on a motion for judgment of acquittal in a criminal case, we view the evidence in a light most favorable to the State. Iowa R.App.P. 14(f)(2). All legitimate inferences that may reasonably be deduced from the evidence will be accepted. *State v. Rich*, 305 N.W.2d 739, 741 (Iowa 1981). A refusal to grant a motion for judgment of acquittal will withstand challenge if there is any substantial evidence in the record to support the charge. *State v. Schertz*, 328 N.W.2d 320, 321 (Iowa 1982). Substantial evidence means evidence which would convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.*

With these familiar principles in mind, we turn to the facts developed at trial. The State's case in chief centered on testimony by police officer Kurt Kuhlers who reported that he came upon defendant, alone in his vehicle parked in the middle of a public road with engine running and lights on. When the officer approached the vehicle, defendant appeared to be asleep at the wheel, oblivious to the officer's rapping on the window of the car. The officer eventually aroused the defendant by opening the car door. Asked whether he was having mechanical difficulties, defendant responded "no." After observing the defendant's inebriated state, the officer arrested the defendant for OWI and had his car picked up by a towing service. Aside from the officer's observation that the engine was running, no determination was made whether the vehicle was otherwise operable. In a subsequent interview at the police station, defendant once again responded in the negative when asked by a deputy sheriff whether there were any mechanical problems with his vehicle.

After unsuccessfully urging a motion for judgment of acquittal, the defendant proceeded with his defense, presenting his version of the day's events prior to his arrest. He testified that his friend Earl Lechner was interested in buying the pickup, and during the afternoon defendant accompanied him on a test drive. During their ride,

Lechner stopped the vehicle to try switching it from two-wheel to four-wheel drive. In doing so, the gearbox locked in a neutral position, immobilizing the vehicle. Lechner walked into town for help. Meanwhile, defendant noticed a junk dealer up the road and secured the assistance of a passerby who towed the pickup to the junk dealer's lot. The same man then drove defendant to town where defendant apparently consumed alcoholic beverages for several hours until returning to the junkyard at about 9:30 p.m.

Thinking his brother Leon was on his way to help him with the truck, defendant pushed the vehicle out of the junkyard and onto the roadway where he was found sometime later by the police. Neither Leon nor the unidentified passerby testified in defendant's behalf.

The defendant did offer the testimony of Donald Reimers, an auto mechanic, who stated that he examined the transfer case on the vehicle in June 1986. He testified that the transmission was locked in the neutral position. He was unaware of the vehicle's condition in March 1986. He further testified that the gears could be unjammed manually, with some effort.

Based on this record, defendant claims that the trial court should have found as a matter of law that defendant's vehicle was inoperable and therefore he could not be found guilty of operating while intoxicated. We find defendant's assignment of error to be without merit, legally or factually.

Iowa Code section 321.281 provides that:

1. A person shall not operate a motor vehicle in this state in either of the following conditions:

a. While under the influence of an alcoholic beverage or other drug or a combination of such substances.

b. While having an alcohol concentration of thirteen hundredths or more.

Other code sections clearly suggest that a person may "operate" a motor vehicle without "driving" it. Section 321.1(42) defines "operator" as "every person, other than a chauffeur, who is in actual physical control of a motor vehicle upon a highway." Similarly, "driver" is defined as "every person who drives or is in actual physical control of a vehicle." Iowa Code § 321.1(44).

Our prior decisions lend considerable weight to the State's position that there need not be vehicle movement nor capability of vehicle movement for a person to be in actual physical control, and therefore operating, a motor vehicle as contemplated by section 321.281. In the early case of State v. Overbay, 201 Iowa 758, 759, 206 N.W. 634, 634 (1925), we upheld a conviction for operating while intoxicated where the defendant was found by police seated behind the steering wheel of his car, operating the engine, while a companion pushed from behind attempting to move the car from the ditch into which it had slid off a slippery highway. In State v. Webb, 202 Iowa 633, 637, 210 N.W. 751, 752 (1926), we reasoned that "[t]he real danger that this statute seeks to protect against [is the] possible results from a drunken condition of a driver", and held that a defendant stopped by police just after starting the ignition but before proceeding down the road, was operating his vehicle because turning the key was "the initial step in carrying out the operation of the car." Finally, in State v. Fox, 248 Iowa 1394, 1399–400, 85 N.W.2d 608, 611 (1957), we held evidence that a defendant was found in the driver's seat, inebriated, with one foot pressing on the brake, engine running, and the transmission in "drive" sufficient to constitute "operating" the automobile.

The defendant attempts to distinguish the foregoing cases by theorizing that in each case the guilty defendant intended to operate his vehicle, an alleged impossibility in the present case. Even if we were to accept such an argument, it would be of no use to defendant. Under the record before us, we are satisfied that a jury could dismiss as entirely incredible defendant's version of the events leading up to his arrest on March 20. His assertion at trial that the vehicle was inoperable was directly controverted by the testimony of two officers recalling his testimony at the time of arrest. Moreover, his own expert's testimony suggested that the jammed gears could

have been manually disengaged, thereby rendering the car drivable without professional assistance. As we have often said, the credibility of witnesses and the weight to be given their testimony are determinations properly reserved for the jury. *State v. Schertz,* 328 N.W.2d 320, 322 (Iowa 1982). We find substantial evidence in the record from which a reasonable jury could infer that the defendant, seated behind the steering wheel of his pickup in the middle of the roadway, with engine running and lights on, was in actual physical control of a fully operational motor vehicle when stopped by the police. Accordingly, the district court correctly overruled defendant's motions for judgment of acquittal and properly submitted the case to the jury for a decision.

II. In a similar vein, defendant argues that the court should have modified uniform jury instruction number 3104 by instructing the jury that "the definition [of operating] includes the fact that the operating mechanisms must be able to cause such motor vehicle to move in a lateral direction either forward or backward." The trial court rejected defendant's suggestion and rightly so.

The uniform instruction used by the trial court is as follows:

The term "operates," as used in these instructions, means to have the immediate, actual physical control over the operating mechanisms of a motor vehicle that is in motion or has its engine running and may include minimal acts of control or activation of mechanical aspects of the vehicle.

A person is "operating" a motor vehicle, as that phrase is used in these instructions, when the person is in a position to have present or potential capability to activate or direct the movements of the vehicle regardless of whether the person is exercising that capability at the time of the alleged offense.

We are reluctant to disapprove uniform instructions, *State v. Jeffries,* 313 N.W.2d 508, 509 (Iowa 1981), and in this case find no reason to do so. The instruction as given accords not only with the statutory definition of "operate" previously cited in this opinion, but with the law announced in *Overbay, Webb,* and *Fox.* Furthermore, applying the law to the facts as argued by the defendant, the jury could have found that defendant had no capability (present or potential) to "activate or direct the movements of the vehicle." The verdict rendered, however, reflects a rejection of that theory by the triers of fact. Finding no reason to disturb that verdict, we affirm defendant's conviction.

AFFIRMED.