STATE of Iowa, Appellee,

v.

Michael Eugene HINES, Appellant.

No. 91–145.

Court of Appeals of Iowa.

Oct. 29, 1991.

Daniel W. Williams, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and Carolyn J. Olson, Asst. Atty. Gen., for appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

On October 19, 1990, two Cedar Rapids policemen observed an automobile sitting in a lot at Peter's Pub at about 3:15 a.m. A man was observed slumped over the steering wheel. There were exhaust fumes and vapors coming from the car. He was then removed from the car and identified as the defendant, Michael Eugene Hines.

An officer at the scene observed that Hines had slurred speech, bloodshot eyes, very unstable balance, and an odor of alcohol. He failed several field sobriety tests. He was then arrested for OWI and transported to the Linn County Jail.

The officers requested that Hines consent to a breath test. He refused their request, but agreed to perform the field sobriety tests for videotaping purposes. However, during the testing, the video failed to function. The officers refused Hines's request to perform the tests again for video.

Prior to trial, the district court rejected Hines's motion to suppress evidence. Following trial, the jury found Hines guilty as charged. He now appeals.

Our review is for errors of law. Iowa R.App. 4.

I. *"Operating" a Vehicle.*

A. *Intent to Drive.* Hines first complains the trial court erred by not requiring the State to prove an intent to drive the vehicle. He contends the mere act of turning on the ignition does not amount to "operating" the vehicle.

The Iowa Supreme Court has clearly spoken on this subject:

> In *State v. Webb*, 202 Iowa 633, 637, 210 N.W. 751, 752 (1926), we reasoned that "[t]he real danger that this statute seeks to protect against [is the] possible results from a drunken condition of a driver", and held that a defendant stopped by police just after starting the ignition but before proceeding down the road, was operating his vehicle because turning the key was "the initial step in carrying out the operation of the car."

*State v. Weaver*, 405 N.W.2d 852, 854 (Iowa 1987).

We find *Weaver* and the cases cited therein to be controlling. *See id.* Under those cases Hines was "operating" his vehicle when he started the car's engine, thereby exerting control over the vehicle. *See id.* We likewise determine the uniform jury instruction given on this issue to be

consistent with the law and the facts of this case. We affirm the trial court on this issue.

B. *Constitutional Issues.* Hines additionally argues the definition of the term "operate" violates due process, as it punishes an intoxicated person for using a car as a shelter. He additionally asserts the statute is void for vagueness. Finally, he argues the eighth amendment prohibition against cruel or unusual punishment is violated in his case. Our review of these constitutional issues is de novo. *State v. Niehaus,* 452 N.W.2d 184, 187 (Iowa 1990).

■ Hines contends that the definition of the term "operate" contained in the uniform jury instruction violates his constitutional due process rights because it does not require proof of an intent to move the vehicle. The offense of OWI requires only two elements: intoxication of the operator and his act of operating the vehicle while so intoxicated. *State v. Miller,* 204 N.W.2d 834 (Iowa 1973).

■ The due process clause does not limit the exercise of a state's police power unless the legislation is an arbitrary, unreasonable or improper use of such power. *John R. Grubb, Inc. v. Iowa Housing Finance Authority,* 255 N.W.2d 89 (Iowa 1977). The state has broad discretion in exercising its inherent police power to pass laws to promote the public health, safety, and welfare. *State v. Hartog,* 440 N.W.2d 852, 856 (Iowa 1989). Such laws are presumed constitutional so long as they are reasonably related to the public welfare. *Id.* at 866. In order to overcome this presumption, the moving party must negate every reasonable basis upon which the law may be sustained. *Bierkamp v. Rogers,* 293 N.W.2d 577, 580 (Iowa 1980).

■ Iowa Code sections 321J.2 and 321.-1(42) are rationally related to the public welfare. They are designed to protect the public from a potential danger: "the possible results from a drunken condition of a driver." *State v. Weaver,* 405 N.W.2d at 854 (citing *State v. Webb,* 202 Iowa 633, 637, 210 N.W. 751, 752 (1926)). The first step in carrying out the operation of a

vehicle is to turn the key and start the ignition. Therefore, a person can be operating if he has started the ignition but has not yet proceeded down the road. *Id.* We conclude Hines has failed to carry his burden to show the OWI statute and uniform jury instruction are not reasonably related to the public welfare.

■ Hines also argues the OWI statute violates his due process rights because it is vague. He claims it does not fairly warn a person of what constitutes "operating" a vehicle while intoxicated. To survive a vagueness attack, a penal statute must give a person of ordinary intelligence fair notice of what is prohibited and give an explicit standard for those who apply it. *State v. Ramsey,* 444 N.W.2d 493, 494 (Iowa 1989).

In upholding the OWI statute against a vagueness challenge on another issue, the court in *State v. Bock,* 357 N.W.2d 29 (Iowa 1984), stated that, "Although persons engaging in consumption of alcoholic beverages may not be able to ascertain precisely when the concentration of alcohol in their blood, breath or urine reaches the prescribed level, they should, in the exercise of reasonable intelligence, understand what type of conduct places them in jeopardy of violating the statute. We believe a realization of this potential jeopardy of violating the statute is sufficient to satisfy the requirements of due process."

■ Iowa Code section 321J.2 expressly prohibits a person who is under the influence of alcohol from operating a motor vehicle; section 321.1(42) defines "operator" as every person who is in actual physical control of a motor vehicle upon a highway. These statutes provide sufficient notice to the public they are not to have physical control of a vehicle when they are intoxicated. No due process violation has occurred here.

The defendant also contends his punishment for conviction of OWI, second offense, will be cruel and unusual because it is an aggravated misdemeanor when, according to Hines's theory, he was merely sleeping in his automobile and at most

should have been charged with public intoxication, a simple misdemeanor. Regardless of what Hines thought he should have been charged with, the facts are he was not only properly charged with operating a motor vehicle while intoxicated, he was also convicted of that charge by a jury. His argument is without merit.

 For a punishment to be cruel and unusual in violation of the eighth amendment, it must inflict torture or be otherwise barbaric, or it must be so excessively severe it is grossly disproportionate to the offense charged. *State v. Robbins,* 257 N.W.2d 63 (Iowa 1977). A seven-day jail sentence and a fine of $750 under section 321J.2(2)(b) is not excessively severe or grossly disproportionate to the goal of protecting the public from the potential danger Hines posed when he became intoxicated, positioned himself behind the steering wheel, and started the engine of his vehicle as its sole occupant.

We find Hines's constitutional complaints to be without merit. We affirm the trial court on this issue.

## II. *Spoliation of Evidence.*

Hines also contends the police committed spoliation of evidence by refusing to retape on video his field sobriety tests. The police video equipment malfunctioned at the initial tests. The police refused Hines's request to retake the videos.

 We note initially there is no statutory requirement to videotape a defendant's field sobriety tests. We also note it is for the police officer to choose what tests to administer. *See State v. Owens,* 418 N.W.2d 340, 343 (Iowa 1988).

The *intentional destruction* of evidence, sometimes discussed as a form of obstruction of justice, is usually referred to as spoliation. When it is established, the fact finder may draw the inference that the evidence destroyed was unfavorable to the party responsible for its spoliation.

*State v. Langlet,* 283 N.W.2d 330, 333 (1979) (emphasis added).

[A spoliation instruction] is not appropriate however unless the evidence suggests that the *destruction of the evidence was intentional* because only then could it amount to "an admission by conduct of the weakness of one's case."

*State v. Ueding,* 400 N.W.2d 550, 552 (Iowa 1987) (citations omitted; emphasis added).

 There is no evidence in the record, nor does Hines contend, the police intentionally destroyed the videotape. Nor is there inference or evidence to show the police deliberately did not videotape the field sobriety tests or intentionally interfered with the video equipment. As there has been no allegation and proof of intentional destruction of evidence, Hines was not entitled to a spoliation instruction. We affirm the trial court on this issue.

Hines also argues the trial court erred by not granting his motion of acquittal. We disagree. The jury's verdict is supported by substantial evidence. We determine Hines's other contentions are without merit. We affirm the trial court on all issues.

AFFIRMED.