**STATE of Iowa, Appellee,**

v.

**Terry Allen MURRAY, Appellant.**

**No. 94–1383.**

Supreme Court of Iowa.

Oct. 25, 1995.

Rehearing Denied Nov. 17, 1995.

Roger L. Sutton of Sutton & Troge's Law Office, Charles City, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, and Joseph M. Haskovec, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

PER CURIAM.

Terry Allen Murray appeals from his conviction, following a bench trial, for operating a motor vehicle while intoxicated (OWI) in violation of Iowa Code sections 321J.2(1)(a)

and (b) and 321J.2(2)(c) (1993). Murray contends there was insufficient evidence to support his conviction. We affirm.

The pertinent facts of this case are undisputed. Police found Murray intoxicated and slumped over the wheel of his vehicle. The vehicle's engine was running but it was incapable of mechanical movement due to a nonfunctioning clutch. Murray had apparently driven the vehicle until it became disabled at 11:30 p.m. He came to a stop on the hard shoulder and became intoxicated thereafter, having decided to wait until morning to seek help.

Murray claims that because his vehicle was disabled and there was no evidence that he drove while intoxicated prior to the vehicle becoming disabled, the evidence failed to reflect he "operated" his vehicle for purposes of the OWI statute.

■ We review all the evidence in a light most favorable to the State. *State v. Garr,* 461 N.W.2d 171, 173 (Iowa 1990). We must determine whether a rational trier of fact could have found Murray guilty of OWI. *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984). To the extent that this case presents an issue of statutory interpretation our review is to correct errors of law. *State v. Sullins,* 509 N.W.2d 483, 485 (Iowa 1993).

■ We first identify the scope of our analysis. It is not controlling that there was no evidence showing Murray drove while he was intoxicated. A person may "operate" a motor vehicle without "driving" it. *State v. Weaver,* 405 N.W.2d 852, 854 (Iowa 1987). Instead we focus on whether the word "operating" encompasses an intoxicated person sleeping behind the wheel of a disabled car which has its engine running.

■ Iowa Code section 321.1(48) provides: "Operator" or "driver" means every person who is in actual physical control of a motor vehicle upon a highway.

In *Munson v. Iowa Department of Transportation,* 513 N.W.2d 722, 724–25 (Iowa 1994), this court held:

> The current uniform instruction provides "the term 'operate' means the immediate, actual physical control over a motor vehicle

that is in motion and/or has its engine running." 2 Iowa Criminal Jury Instructions 2500.6 (1988). We approve this definition requiring that either the vehicle be in motion or its engine be running.

The jury instruction mentioned in *Munson* was based on *Weaver.* In *Weaver* defendant was found sitting in his pickup truck with the engine running and lights on, parked in the middle of a gravel road. Defendant argued that because the gearbox in his vehicle locked in a neutral position, the vehicle became inoperable and thus he could not be found guilty of operating while intoxicated. The *Weaver* court stated:

> Our prior decisions lend considerable weight to the State's position that there need not be vehicle movement nor *capability of vehicle movement* for a person to be in actual physical control, and therefore operating, a motor vehicle as contemplated by [the OWI statute].

*Weaver,* 405 N.W.2d at 854 (emphasis added).

We do not find capability of vehicle movement to be an essential element of "operating." Thus the disablement of Murray's vehicle does not place his conduct beyond the scope of the statute. OWI statutes attempt to deter intoxicated individuals from getting into their vehicles except as passengers. *See Williams v. State,* 884 P.2d 167, 171 (Alaska App.1994); *State v. Starfield,* 472 N.W.2d 143, 146 (Minn.App.1991), *rev'd on other grounds, State v. Starfield,* 481 N.W.2d 834 (Minn.1992); *Richfield City v. Walker,* 790 P.2d 87, 91 (Utah App.1990); *State v. Smelter,* 36 Wash.App. 439, 674 P.2d 690, 693 (1984). This protects against any "possible results from a drunken condition of a driver." *Weaver,* 405 N.W.2d at 854; *State v. Webb,* 202 Iowa 633, 637, 210 N.W. 751, 752 (1926). Moreover, the State has broad discretion in exercising its inherent police power to pass laws to promote the public health, safety, and welfare. *State v. Hartog,* 440 N.W.2d 852, 856 (Iowa 1989), *cert. denied,* 493 U.S. 1005, 110 S.Ct. 569, 107 L.Ed.2d 563, *reh'g denied,* 493 U.S. 1095, 110 S.Ct. 1174, 107 L.Ed.2d 1076 (1990). Among these laws are OWI statutes which are remedial in nature and should be liberally interpreted in favor of the

public interest and against the private interests of the drivers involved. *Williams,* 884 P.2d at 171; *Richfield,* 790 P.2d at 91; *Smelter,* 674 P.2d at 693; 7A Am.Jur.2d *Automobiles and Highway Traffic* § 298 (1980); 61A C.J.S. *Motor Vehicles* § 625(1) (1970).

We hold that Murray was "operating" within the meaning of the OWI statute despite the disablement of his car. We thus affirm his conviction.

**AFFIRMED.**