# IN THE COURT OF APPEALS OF IOWA

No. 15-0217
Filed December 23, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**CHRISTOPHER LEE LOWERY,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Osceola County, Carl J. Petersen, Judge.


　　　　Christopher Lowery appeals the judgment and sentence entered upon his conviction of operating a motor vehicle while intoxicated.  **REVERSED.**


　　　　Matthew G. Sease of Kemp & Sease, Des Moines, and John M. Sandy of Sandy Law Firm, Spirit Lake, for appellant.

　　　　Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.


　　　　Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Christopher Lowery appeals the judgment and sentence entered upon his conviction of operating a motor vehicle while intoxicated (OWI).  He asserts the State failed to provide sufficient evidence for a jury to find he operated a vehicle while intoxicated.  Because we agree, we reverse Lowery's OWI conviction.

### I. Background Facts and Proceedings.

"Viewing the trial evidence in the light most favorable to the jury's guilty verdict[]," *State v. Romer*, 832 N.W.2d 169, 172-73 (Iowa 2013), the jury could have found the following facts.  At some point on Saturday, May 17, 2014, Lowery's pick-up truck ended up in the south side of a ditch on Highway 9.  A passerby saw Lowery's truck in the ditch around 10:30 p.m., with Lowery standing next to it, and the passerby stopped to help.  The passerby believed the truck had "jumped over a field driveway" and hit the cement culvert, causing two flat tires and some damage to the truck's grill and bumper.  The truck was not running; its lights were off and the back window was shattered.  He talked to Lowery, and Lowery asked for a ride home.  The passerby opted to call 9-1-1 instead.  In response, Lowery called him a "motherfucker," leading the passerby to believe Lowery "[did]n't want them knowing who he is."  The passerby related that he thought Lowery "was drinking and driving because [the passerby saw] a Crown Royal bag in the cab of his truck."  However, the passerby never saw Lowery operating the truck or drinking.  He did not know how long the truck had been sitting there; he had not touched the truck and had no indication of whether it was warm or cool.

Law enforcement and emergency personnel were called to the scene around 10:30 p.m. When the ambulance arrived, Lowery started to walk away. When the EMTs found him shortly thereafter, Lowery was lying in the ditch in the fetal position. Upon being found, Lowery said, "oh, shit." One of the EMTs observed "a little dried blood" on Lowery's forehead. That EMT asked Lowery "if he had any alcoholic beverages," and Lowery "said he had a couple." Lowery did not say to what he was referring.

The responding deputy talked to Lowery there around 11:00 p.m. The deputy noticed Lowery's eyes were watery, bloodshot, and dilated. When Lowery spoke to the deputy, his speech was slurred and "mumbly," and the deputy could smell an odor of an alcoholic beverage. The deputy asked Lowery what had happened, and Lowery refused to answer any questions. Lowery also refused to participate in any field-sobriety tests. The deputy then arrested Lowery "for suspicion of OWI."

Thereafter, the deputy conducted an accident investigation and took photographs of the truck and its contents. In the cab of the truck, sitting on the passenger-side floor, was a brown paper bag. In the bag were fishing tackle and two unopened bottles of Jägermeister. Also on the floor was a velvet Crown Royal bag, which did not contain any alcoholic beverages, and a lone, unopened can of Bud Light still in the plastic six-pack ring. No other Bud Light cans were in the cab. A small, empty bottle of Jägermeister was found in the map pocket of the driver's side door. That bottle, based upon its label, appeared to be a bit older than the unopened Jägermeister bottles found in the brown paper bag. The picture taken of the truck's bed shows what looks to be a case of Hurricane beer

and three Hurricane cans in the bed; however, none of these items were seized or inspected by the deputy. The deputy had not touched the cans and could give no information as to whether they were warm or cold, empty or full. Similarly, the deputy did not look at what appears to be a case of beer and could not say if it contained any beer at all, and if it did, whether the cans possibly therein were warm or cold, empty or full.

Lowery was charged with OWI, in violation of Iowa Code section 321J.2 (2013), and a jury trial was later held. After the State rested, Lowery moved for a directed verdict, challenging the sufficiency of the State's evidence. Lowery argued the State failed to establish he operated the truck or that he operated the truck while intoxicated. The court denied the motion, finding the State's evidence was sufficient to

> convince a rational trier of fact [Lowery] is guilty of the crimes beyond a reasonable doubt based upon the operation—appeared operation of this vehicle; [Lowery's] acts after being confronted by individuals; and the presence of and his location near the vehicle. And it appears no other individual was present.

Ultimately, the matter was submitted to the jury, and it returned a verdict of guilty. Lowery filed the usual post-trial motions, and his motions were denied.

Lowery now appeals, again challenging the sufficiency of the evidence. Our review is for correction of errors at law. *See State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015).

## II. *Discussion.*

The State had the burden to "prove every fact necessary to constitute the crime with which the defendant [was] charged." *State v. Brubaker*, 805 N.W.2d 164, 172 (Iowa 2011) (citation and internal quotation marks omitted). On our

review, we must determine whether the State presented substantial evidence to prove the elements of the crime. *See State v. Serrato*, 787 N.W.2d 462, 470 (Iowa 2010). "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Edouard*, 854 N.W.2d 421, 437 (Iowa 2014) (citation omitted). "Although direct and circumstantial evidence are equally probative, the inferences to be drawn from the proof in a criminal case must raise a fair inference of guilt as to each essential element of the crime." *State v. Speicher*, 625 N.W.2d 738, 741 (Iowa 2001) (citation omitted). Evidence that merely raises suspicion, speculation, or conjecture is not enough. *See id.*; *see also Robinson*, 859 N.W.2d at 467; *Brubaker*, 805 N.W.2d at 172. In determining if substantial evidence exists to sustain the conviction, we must consider all the evidence in the record, not just the evidence supporting the finding of guilt. *See Robinson*, 859 N.W.2d at 467; *Edouard*, 854 N.W.2d at 437-39.

Consequently, we must determine whether a rational trier of fact could have found that all essential elements of the crime were established beyond a reasonable doubt based on the evidence produced at trial. *See Brubaker*, 805 N.W.2d at 172. To find Lowery guilty of the offense of OWI, the State was required to prove, as set out in the marshalling jury instruction:

> 1. On [May 17, 2014, Lowery] operated a motor vehicle.
> 2. At that time, [Lowery] was under the influence of alcohol.

Lowery does not challenge the sufficiency of the evidence concerning the first element—that he operated his truck; nor does he dispute he was under the

influence of alcohol at the time of his arrest. Rather, he argues the State failed to prove the "W" part of OWI, that he operated his truck *while* he was intoxicated. We agree.

In *State v. Creighton*, 201 N.W.2d 471, 473 (Iowa 1972), the Iowa Supreme Court reasoned that "the fact a defendant was under the influence of an alcoholic beverage at the time of his arrest, without a showing of more, will not support a finding he was in that condition when driving a motor vehicle at some earlier time."[1]  Since its ruling in *Creighton*, the court has had the opportunity to demonstrate what it meant when it said "a showing of more" was required. For instance, in *State v. Braun*, 495 N.W.2d 735, 739 (Iowa 1993), like here, there was no direct witness testimony that Braun operated his vehicle while he was intoxicated. However, the court found there was "an abundance of circumstantial evidence that Braun had driven his car . . . in an intoxicated condition," noting no alcohol containers were found at the scene and Braun himself admitted he had "drunk intoxicants and then driven" to where he was found asleep in his car in the middle of an undivided highway. *Braun*, 495 N.W.2d at 739-40. Similarly, in *State v. Dominguez*, 482 N.W.2d 390, 392 (Iowa 1992), the defendant admitted he had consumed five or six beers in the hour immediately preceding the accident. *See also, e.g., State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004)

---

[1] We acknowledge that *Creighton* relies in part on an outdated rule relating to circumstantial evidence, stating, "The circumstantial evidence rule is subject to the caveat that it must be entirely consistent with defendant's guilt and wholly inconsistent with any rational hypothesis of innocence." 201 N.W.2d at 473. *In State v. O'Connell*, 275 N.W.2d 197, 205 (Iowa 1979), the supreme court held direct and circumstantial evidence are equally probative for purposes of proving guilt beyond a reasonable doubt. Nevertheless, we believe the analysis and legal reasoning of *Creighton* are relevant to this appeal. *See State v. Payne*, No. 10-1349, 2011 WL 1818061, at *3 n.2 (Iowa Ct. App. May 11, 2011).

(finding sufficient evidence where defendant acknowledged he consumed alcohol prior to the incident, among other things); *State v. Hopkins*, 576 N.W.2d 374, 378 (Iowa 1998) (finding sufficient evidence where defendant made admission to drinking prior to driving and no liquor bottles found at scene); *State v. Boleyn*, 547 N.W.2d 202, 205 (Iowa 1996) (finding sufficient evidence where defendant made admissions to drinking before driving); *State v. Murray*, 539 N.W.2d 368, 369 (Iowa 1995) (finding sufficient evidence where defendant found "intoxicated and slumped over the wheel of his vehicle" with its engine running); *State v. Weaver*, 405 N.W.2d 852, 855 (Iowa 1987) (finding sufficient evidence where defendant was found seated behind the steering wheel of his vehicle in the middle of the roadway, with engine running and lights on when stopped by the police). This court has done the same. *See State v. Binning*, No. 09-0866, 2010 WL 1375320, at *3 (Iowa Ct. App. April 8, 2010) (finding sufficient evidence where defendant was found at the scene seriously injured and intoxicated and the search of the accident scene revealed insufficient evidence to support a claim defendant may have become intoxicated after the accident); *see also State v. Hines*, 478 N.W.2d 888, 889-90 (Iowa Ct. App. 1991) (upholding the defendant's OWI conviction where he was found slumped over the steering wheel of a vehicle with its engine running).

Here, the State points to the following facts in support of the jury's guilty verdict: Lowery's truck was damaged and in the ditch; the deputy testified the ditch was along a busy highway; Lowery cursed when the passerby gave his information to 9-1-1 and when the EMT found him; Lowery attempted to hide; Lowery refused medical treatment; Lowery "repeatedly expressed anger or

frustration over his circumstances"; and Lowery refused a chemical test. However, Lowery was not found passed-out in his truck in the middle of the road—his truck ended up in the ditch. Accidents occur regularly in Iowa with drivers who are not intoxicated. *See, e.g., Thompson v. Kaczinski*, 774 N.W.2d 829, 831-32 (Iowa 2009) ("When [the driver] swerved to avoid the [trampoline] on the road, [the driver] lost control of his vehicle. His car entered the ditch and rolled several times."); *see also Smith v. Wright*, No. 13-0752, 2014 WL 2347388, at *1 (Iowa Ct. App. May 29, 2014) ("Around 5:00 p.m. on [an October day], the weather was sunny and clear with no wind" when the defendant-driver struck a deer and then hit plaintiff-driver); *Lair v. Motor Inn of Spirit Lake, Inc.*, No. 08-0769, 2009 WL 1491899, at *1 (Iowa Ct. App. May 29, 2009) ("On his drive home, [driver] encountered two deer that darted into the road. He slammed on his brakes and turned the steering wheel to the right, causing the vehicle to spin, and hit the double posts of a road sign before sliding into the ditch."). Additionally, unlike the other more recent cases, there was at least one open, empty container of liquor found in Lowery's truck—and possibly more in the truck's bed—that Lowery could have consumed at the scene, resulting in his intoxication and explaining his behavior at the scene. The EMT's testimony at the hearing was that Lowery told the EMT he had "had" a couple, not that he had "consumed" a couple, but even assuming for the sake of argument Lowery meant "consumed," Lowery never said when he consumed them.

Lowery was found outside his vehicle. He had access to the alcohol containers, and at least one of those containers was found empty. Enough time had passed from his off-road excursion into the ditch until the time he was found

that the blood from the cut on his forehead had dried. The passerby himself testified there was not a lot of traffic that night. Lowery's truck was not running when the passerby stopped. There was no testimony that the truck's hood felt warm. There was no testimony that the cans in the back of the truck were empty or full, cold or warm. There was no testimony or admission that Lowery was drinking prior to the accident. Like in *Creighton*, there was definitely evidence to support the fact Lowery was under the influence of an alcoholic beverage at the time of his arrest. However, the facts the State relies upon raise only suspicion or speculation—not evidence—that Lowery's truck ended up in the ditch because he drove it while he was intoxicated. The State's arguments are not sufficient to meet the State's burden of proof beyond a reasonable doubt that Lowery was intoxicated at the time he drove his truck. We therefore conclude substantial evidence does not support the jury's guilty verdict.

### III. Conclusion.

Because we find the State failed to present substantial evidence for a jury to find Lowery operated a vehicle *while* intoxicated, we reverse Lowery's conviction for OWI.[2]

**REVERSED.**

---

[2] We do not remand for retrial when evidence at trial was insufficient to support the conviction. *See State v. Dullard*, 668 N.W.2d 585, 597 (Iowa 2003).