# IN THE COURT OF APPEALS OF IOWA

No. 18-0831
Filed June 5, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DAVID ALAN FRANCIS,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Wapello County, Kirk A. Daily, District Associate Judge.

Defendant appeals his conviction of operating while intoxicated, third offense. **AFFIRMED.**

Ryan J. Mitchell of Orsborn, Milani, Mitchell, Goedken, Larson & Cox, P.C., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

David Francis appeals his conviction of operating while intoxicated (OWI), third offense. We find the district court did not abuse its discretion in determining certain evidence was not relevant and therefore not admissible. We determine there is substantial evidence in the record to support Francis's conviction. We conclude Francis has not shown he received ineffective assistance of counsel. We affirm Francis's conviction for OWI, third offense.

## I. Background Facts & Proceedings

On April 24, 2017, Officer Jordan Staton of the Ottumwa Police Department was at the Countryside Bar & Grill on an unrelated matter when he observed Francis stumbling as he walked through the parking lot. Officer Staton stated, "I observed Mr. Francis enter his vehicle, shut the door and turn the vehicle on." He stated he could hear the car engine running and "I watched it turn on." When questioned further, Officer Staton stated he was 100 percent certain the engine was running.

When Officer Staton approached the vehicle, he saw Francis had bloodshot and watery eyes, slow and slurred speech, and an odor of an alcoholic beverage. Francis failed field sobriety tests. He was arrested and taken to the police station, where a breath test showed Francis's alcohol level was .139, which is above the legal limit. Francis was charged with OWI, third offense, in violation of Iowa Code section 321J.2(1)(a) and(b) (2017).

Prior to trial, Francis informed the court he intended to introduce evidence to show he suffered from post-traumatic stress disorder (PTSD) and at times had suicidal ideation. He claimed the evidence was relevant to show the reason he

was sitting in his car without the intention of driving home. The State argued the evidence was irrelevant. The district court ruled:

> Whether the defendant has PTSD or not, there's no credible evidence on that. So the term PTSD will not be used or admitted in any way, shape or form.
> Whether the defendant has suicidal tendencies, again, is not relevant to the issue in this case and no mention of that shall be made.
> The defendant may make mention that he's a veteran. He may also indicate that he left the bar because of issues he has as a veteran but to any extent further than that, those issues may not be addressed either in argument or by the defendant.

At his criminal trial, Francis testified he was a United States veteran. He stated he decided to leave the bar when it became too crowded, "due to a condition I received while I was in the military." He stated he called his former sister-in-law, Elizabeth Chesnut, for a ride home. Francis stated he decided to sit in his car to wait for Chesnut and did not have the engine on. He testified he turned on the engine to roll down the window to talk to Officer Staton but did not have it on before then.

Chesnut testified she drove to the bar to pick up Francis but he was not there. She found out Francis had been taken to the police station. Mallory Johnston, a bartender, stated Francis called Chesnut for a ride home before he left. Johnston stated she was outside when the officer tapped on Francis's window. She stated the engine of Francis's car was not running, she did not hear it running, and the lights were not on.

The jury found Francis guilty of OWI. In a motion for new trial and motion in arrest of judgment, Francis claimed the district court erred in finding the evidence of PTSD and suicidal ideation was irrelevant and the jury's verdict was contrary to

the weight of the evidence. The court stated there was no medical evidence to show Francis had PTSD, and the court denied the evidence for this reason. The court noted Francis was permitted to testify he had a service-related illness that required him to leave the bar, so he went out to his car. The court stated, "There was no restriction on his testimony as to symptoms, simply a restriction that he could not testify to a medical diagnosis for which there was no evidence offered other than his own testimony, which the Court found insufficient." The court denied Francis's motions. He now appeals.

## II. Evidentiary Ruling

A. Francis claims he was denied his due process right to present a defense because the district court did not permit him to testify about his PTSD and suicidal ideation. He also claims the evidence was admissible under Iowa Rule of Evidence 5.405(b), concerning evidence of character. Francis did not raise these issues before the district court, and we conclude they have not been preserved for our review. "We may not consider an issue that is raised for the first time on appeal, 'even if it is of constitutional dimension.'" *State v. Webb*, 516 N.W.2d 824, 828 (Iowa 1994) (citation omitted).

B. To the extent Francis is claiming the district court abused its discretion in finding the evidence was inadmissible because it was not relevant, error has been preserved. Prior to trial, the court ruled the evidence of whether Francis had PTSD and suicidal ideation was not relevant to the issue of whether he was operating while intoxicated. We review a court's ruling on the relevance of evidence for an abuse of discretion. *State v. Tipton*, 897 N.W.2d 653, 691 (Iowa 2017).

In general, relevant evidence is admissible. Iowa R. Evid. 5.402. Additionally, "[i]rrelevant evidence is not admissible." *Id.* "Evidence is relevant when it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *State v. Sullivan*, 679 N.W.2d 19, 25 (Iowa 2004) (quoting Iowa R. Evid. 5.401). "The test is 'whether a reasonable [person] might believe the probability of the truth of the consequential fact to be different if he knew of the proffered evidence.'" *State v. Plaster*, 424 N.W.2d 226, 229 (Iowa 1988) (citation omitted).

We conclude the district court did not abuse its discretion in finding the proposed evidence that Francis had PTSD and suicidal ideation was not relevant. The evidence would not make it more or less likely Francis had the engine running while he sat in his vehicle. Because the evidence was not relevant, the court properly determined it was not admissible.

### III. Sufficiency of the Evidence

Francis asserts there was not sufficient evidence in the record to show he was operating the vehicle at the time he was approached by Officer Staton. He states he was sitting in his vehicle, without the engine running, while waiting for Chesnut to give him a ride home. He points out Johnston testified the engine to Francis's car was not running when Officer Staton walked up to the vehicle.

We review claims challenging the sufficiency of the evidence to support a conviction for the correction of errors of law. *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018). We will uphold a verdict if it is supported by substantial evidence. *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017). "Evidence is considered

substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017) (citation omitted).

Under section 321J.2, the term "operate" has been defined as "the immediate, actual physical control over a motor vehicle that is in motion and/or has its engine running." *Munson v. Iowa Dep't of Transp.*, 513 N.W.2d 722, 724–25 (Iowa 1994). "[T]his definition requir[es] that either the vehicle be in motion or its engine be running." *Id.*; *accord State v. Murray*, 539 N.W.2d 368, 369 (Iowa 1995). "[A] person may 'operate' a motor vehicle without 'driving' it." *State v. Weaver*, 405 N.W.2d 852, 854 (Iowa 1987).

Officer Staton testified, "I observed Mr. Francis enter his vehicle, shut the door and turn the vehicle on." He stated he could hear the car engine running and "I watched it turn on." He also stated he was 100 percent certain the engine was running. Although Francis and Johnston testified the engine was not running, the jury could have found Officer Staton more credible. "In our system of justice, it is the jury's function to determine the credibility of a witness." *State v. Dudley*, 856 N.W.2d 668, 677 (Iowa 2014). "The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). We conclude there is substantial evidence in the record to support the jury's verdict finding Francis was guilty of OWI.

**IV.     Ineffective Assistance**

Francis claims he received ineffective assistance because defense counsel did not present expert evidence to show he had PTSD.  He states if the jury heard this evidence, it would have been more inclined to find him not guilty.

We address claims of ineffective assistance on direct appeal only when the record it adequate.  *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).  "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal."  *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006).  If a claim of ineffective assistance of counsel cannot be addressed in a direct appeal, it should be preserved for possible postconviction relief proceedings.  *Johnson*, 784 N.W.2d at 198.

We find the present record is not adequate to consider the claim of ineffective assistance of counsel.  It is unknown if expert testimony would have supported Francis's claims of PTSD, or is such evidence would be able to overcome our relevancy concerns.  It is possible expert medical testimony could have made a difference in the case.  We determine Francis's claim of ineffective assistance of counsel should be preserved for possible postconviction relief proceedings.

We affirm Francis's conviction of OWI, third offense.

**AFFIRMED.**