# IN THE COURT OF APPEALS OF IOWA

No. 21-0830
Filed August 3, 2022

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**GEORGE LAMAR BARRON,**
　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Jennifer S. Bailey, District Associate Judge.

George Barron appeals his conviction for operating a vehicle while intoxicated, first offense. **AFFIRMED.**

Bret R. Larson of Orsborn, Mitchell, Goedken & Larson, P.C., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and May, JJ.

**MAY, Judge.**

George Barron appeals his conviction of operating a vehicle while intoxicated, first offense (OWI). We affirm.

During an overnight patrol shift, two police officers came across an idling vehicle in the travel lane of a residential street in Burlington. Barron was inside—slumped over and covered in vomit. Barron was charged with OWI. A jury found him guilty. Barron appeals, arguing there is insufficient evidence to support his conviction.

We review "challenges to the sufficiency of the evidence for the correction of legal error." *State v. Banes*, 910 N.W.2d 634, 637 (Iowa Ct. App. 2018). We view "the evidence in the light most favorable to the State." *Id.* And we consider "all reasonable inferences that may be fairly drawn from the evidence." *Id.* However, we do not weigh evidence, consider the credibility of witnesses, nor do we attempt to resolve evidentiary disputes. *State v. Nichter*, 720 N.W.2d 547, 556 (Iowa 2006). We limit our review solely to test evidentiary sufficiency: so long as substantial record evidence supports the verdict, we will affirm it. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "Evidence is substantial if it would convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt." *State v. Hearn*, 797 N.W.2d 577, 579–80 (Iowa 2011) (citation omitted).

Barron claims that the State failed to introduce evidence that he "operated" a vehicle. He also suggests that—due to his impaired state at the time of the stop—he could not form the *intent* to operate his vehicle.

Barron's conviction is supported by substantial evidence. First, Barron's unconscious state did not prevent him from "operating" the vehicle. *See State v.*

*Murray*, 539 N.W.2d 368, 369–70 (Iowa 1995) (sleeping in an idling vehicle is "operating" a vehicle for the purposes of the OWI statute). Police found Barron unconscious while his car idled in a traffic lane. This is sufficient for a jury to find that Barron "operated" his vehicle within the meaning of the OWI statute. *See State v. Mussehl*, No. 03-1989, 2005 WL 1105249, at *2 (Iowa Ct. App. May 11, 2005) (holding undisputed evidence that defendant was "in the driver's side of the truck, the truck was running, and both the headlights and brake lights were on" is "sufficient to establish that the vehicle was being operated"). Secondly, OWI is a general intent crime, and the State must only show that Barron intended to operate his vehicle and that he did so while intoxicated. *See State v. Conner*, 377 N.W.2d 664, 667 (Iowa Ct. App. 1985). A jury could infer Barron intended to operate the vehicle based on the fact that he was discovered behind the wheel of an idling vehicle.

Because we find substantial record evidence to support the jury's findings, we affirm.

**AFFIRMED.**